(108 So. 5)

**SOUTHERN INS. CO. v. WILSON.**
(6 Div. 632.)

(Supreme Court of Alabama.    April 1, 1926.)

**I. Evidence ⬦⟹102.**

Identity may be proved by circumstances.

**2. Evidence ⬦⟹309—Evidence held not to make prima facie identification of plaintiffs as persons who made declarations of insured's age at variance with application, as respects admissibility of declarations.**

Evidence, in action on life policy, *held* to fail to make prima facie case of identity of plaintiffs as persons who made declarations at variance with statement of insured's age in application, relative to admissibility of declarations.

**3. Trial ⬦⟹253(5)—Life policy charge predicating verdict for defendant on misstatement of insured's age held properly refused as ignoring provision of policy as to recovery, where age is understated.**

Charge predicating verdict for defendant on a misstatement of insured's age ignored provision of policy that, if age was understated, recovery would be limited to amount which pre-

mium would buy at true age, and was properly refused; it not being shown, without conflict, that insured had passed the age limit, so that premium would purchase no insurance.

**4. Insurance ⬦⟹646(3).**

Burden of showing that insured had not only misstated his age, but was over the age limit for insurance, was on defendant insurer.

**5. Insurance ⬦⟹146(3).**

Insurance contracts are construed favorably to insured.

**6. Insurance ⬦⟹530—Clause limiting liability to half if death resulted in year from consumption, paralysis, or heart disease, indicates intent to cover somewhat chronic conditions.**

Use of word "paralysis," along with "consumption" and "heart disease" in clause of policy limiting liability to half if death resulted in a year from "consumption, paralysis, or heart disease," indicates intent to cover risks from somewhat chronic conditions, obscure perhaps at the time, but developing into fatal results in the year.

**7. Insurance ⬦⟹530—Death held not referable to paralysis, within clause limiting liability in case of death in a year, if cerebral hemorrhage, apoplexy, and resultant paralysis were caused by shock.**

If cerebral hemorrhage, apoplexy, and resultant paralysis were caused by shock, death would be referred to original cause, and not to apoplexy, or paralysis, within clause of policy limiting recovery to half in case of death within a year from "consumption, paralysis, or heart disease."

**8. Accord and satisfaction ⬦⟹11(3) — Accord held not to result from acceptance of check for returned premiums, if accompanied with notice of intent and followed with offer to return.**

If acceptance of check for returned premiums was accompanied with notice of intent to look into the matter, and see if the entire insurance could be recovered, and in a reasonable time for investigation an offer was made to return the amount, there was no accord and satisfaction.

**9. Payment ⬦⟹65(4).**

Recital of payment in full in check is subject to explanation.

**10. Appeal and error ⬦⟹1005(3).**

Evidence on the controlling issues being in direct conflict, verdict, sustained by trial court, will not be disturbed.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action on a policy of insurance by Annie Wilson against the Southern Insurance Company. From a judgment for plaintiff, de-

fendant appeals.- Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

Bradley, Baldwin, All & White and A. Key Foster, all of Birmingham, for appellant.

Sufficient identification of plaintiff and her husband was shown to render admissible testimony as to what they told witness in regard to the age of insured. 8 R. C. L. 183, 184; 1 Wigmore on Evi. § 660; 22 C. J. 173; Livingston v. State, 16 So. 801, 105 Ala. 127. The question of identity was one of fact for the jury. McInerney v. U. S., 143 F. 729, 74 C. C. A. 655. It was error to refuse evidence offered by defendant to show insured was beyond the age limit for insurance. 32 C. J. 1288; 1 A. L. R. 460; Ala. Gold L. I. Co. v. Garner, 77 Ala. 210; Beason v. Sovereign Camp, 94 So. 123, 208 Ala. 276. A verdict contrary to the great weight of the evidence must be set aside. Ala. M. R. Co. v. Brown, 29 So. 548, 129 Ala. 282; Bingham v. Davidson, 37 So. 738, 141 Ala. 551; American Ry. Ex. Co. v. Summers, 94 So. 737, 208 Ala. 531. Likewise a verdict contrary to the instructions of the court. Fleming v. L. & N., 41 So. 683, 148 Ala. 527; Talley v. Whitlock, 73 So. 976, 199 Ala. 28; Wolf v. Delage, 43 So. 856, 150 Ala. 445. The provision in the policy as to half benefits where insured dies within one year from the causes stipulated, is valid. Bankers' Union v. Mixon, 103 N. W. 1049, 74 Neb. 36; Red Men's F. A. Ass'n v. Rippey, 103 N. E. 345, 104 N. E. 641, 181 Ind. 454, 60 L. R. A. (N. S.) 1006; 25 Cyc. 874.

W. A. Jacobs, of Birmingham, for appellee.

Return of premiums did not amount to an accord and satisfaction. 1 C. J. 539, 571; Ex parte Southern C. O. Co., 93 So. 662, 207 Ala. 704; Ala. City R. Co. v. Gadsden, 64 So. 91, 185 Ala. 263, Ann. Cas. 1916C, 573. Testimony as to insured's age was hearsay and inadmissible.

BOULDIN, J. The suit is upon a policy of life insurance. One defense presented was fraudulent misrepresentation of the age of the insured. There was no direct evidence of his age. Reliance was had upon alleged declarations by the plaintiff and her husband after the death of the insured at variance with the age stated in the application. Whether these declarations were made was in sharp conflict in the testimony. Dr. Sims, witness for respondent, who treated deceased at Hillman Hospital, declared that several persons came to the hospital, and among them gave some information as to his age. Plaintiff and her husband, appearing before the witness, he declined to identify them as the parties giving the information. He added that the people who gave him the information told him they were people with whom the insured lived.

Other evidence was that the insured had lived or boarded with the plaintiff and her husband for some 2 years and at the time the policy was taken out, but was not living with them at the time he was carried to the hospital some 8 months later. The witness was asked:

"Now, I will ask you what the people, who told you they were the man and woman with whom Fred Holt lived, told you in regard to his age."

Fred Holt was the insured. Objection was sustained for want of identification of the parties making the declaration.

[1] Identity may be proved by circumstances as any other fact. There are cases in which one's declarations showing special knowledge of events, times, and places, of pedigree and family relationship, are admissible as circumstantial evidence of identification. Such testimony is often presented in identification of deceased persons, and admitted upon the ground of necessity, as the best evidence obtainable under the conditions. Young v. State, 59 P. 812, 60 P. 711, 36 Or. 417, 47 L. R. A. 548; McInerney v. United States, 143 F. 729, 74 C. C. A. 655; Wise v. Wynn, 59 Miss. 588, 42 Am. Rep. 381; 22 C. J. 173.

[2] Not deciding whether this rule should be extended to cases like this where the witness expressly disclaims his ability to identify the persons before him, we think the evidence here fails to make a prima facie case of identity. The evidence did not negative the fact that he may have been living with other persons at the time, nor otherwise sufficiently identify plaintiff and her husband as the parties whose declarations were sought to be proven.

[3] The policy stipulated that, in case the age was understated, the amount payable would be limited to the sum which the premium would buy at the true age. A charge predicating a verdict for defendant on a misstatement of the age ignored this feature of the contract. Refusal of such charge was proper, unless the evidence of such misstatement of age, without conflict, showed the insured had passed the age limit, so that no insurance was purchasable with such premium.

[4] Under the whole evidence, including that as to apparent age from personal appearance and general acquaintance, the jury may have found that no one knew his age, may have been reasonably satisfied he was over 53, as stated in the application, but not reasonably satisfied he was over 59, the age limit. The burden of this issue was on defendant.

The policy stipulated that in case death resulted within 12 months from "consumption, paralysis, or heart disease" liability was limited to one-half the face of the policy. The verdict was for the full amount. It is insisted that the evidence of his death within 12 months from paralysis is undisputed, or so clearly established that a motion for new trial should have been granted on this ground.

The evidence of Dr. Sims was to the effect

that the insured was brought to the hospital in an unconscious condition, one side paralyzed, and continued unconscious or semiconscious until his death about a week thereafter; that he died of hemorrhage of the brain; that paralysis results from such hemorrhage; that hemorrage of the brain is properly termed apoplexy; that cerebral hemorrhage may result from internal conditions, such' as disease of blood vessels, etc., or from external injury. He knew of no injury, nor the cause of hemorrhage in this case.

[5, 6] Insurance contracts, being in language chosen by the insurer, are construed favorably to the insured. The use of the word "paralysis," along with "consumption" and "heart disease," indicates an intent to cover risks from somewhat chronic conditions, obscure, perhaps, at the time, but developing into fatal results within a year. Whether it should include cerebral hemorrhage, more aptly called apoplexy, or be limited to the chronic disorders called palsy among the laity, we do not find it necessary here to decide. Webster's New Inter. Dict., "Paralysis."

The court gave written instruction that plaintiff could recover only one-half the amount of the, policy if deceased "died of apoplexy" within a year. The point is made that the verdict of the jury was in disregard of this direct instruction of the court. Dr. Sims testified hemorrhage of the brain is necessarily apoplexy.

[7] There was evidence that the insured was not sick, but was hurt or injured while on his way to work. Later evidence that he was struck by a truck was excluded as hearsay, but the evidence that he was injured at the time remained before the jury. If, cerebral hemorrhage, apoplexy, and resultant paralysis were caused by a shock, death would be referred to the original cause, not to apoplexy or paralysis within the meaning of this contract. .

[8, 9] If the acceptance of the check for returned premiums was accompanied with notice of intent to look into the matter and see if the entire amount could be recovered, and within reasonable. time for investigation an offer was made to return the amount, there was no accord and satisfaction. The recital of payment in full in the check was subject to explanation.

[10] The evidence upon the controlling issues in the case was in direct conflict. It was a clear jury case.

The verdict sustained by the trial court, who saw and heard the witnesses, should not be disturbed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.