KATHLEEN O'DONNELL *vs.* NEW AMSTERDAM CASUALTY CO.

HELEN LUNDBLAD *vs.* SAME.

ROY LUNDBLAD *vs.* SAME.

ALICE R. WALKER *vs.* SAME.

MAY 28, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Barrows, JJ.

STEARNS, C. J.   Each of these suits is an action of debt on judgment brought against the defendant under Sec. 7, Chap. 258, G. L. 1923, which provides that an injured party, after having obtained judgment against a party insured against liability for property damage or personal injuries, may proceed on said judgment against the insurance company in a separate action.   Three of the judgments were obtained by the plaintiffs in the United States District Court and the fourth was obtained in the State court against the Providence-Worcester Coach Line, Inc. (hereinafter called the Providence Company).   The issue is the same in each case and is one of law.   By consent the cases were tried together by a justice of the Superior Court, jury trial being waived.   The decision in each case was for the defendant. The cases are here on the bill of exceptions of each plaintiff.

The evidence consists of the testimony of one witness, Howard T. Kirby, and certain exhibits.   The declarations in general allege that the defendant company issued a policy of insurance to Interstate Motor Coach Corp. (hereinafter called the Interstate Company), whereby it agreed to insure the named assured, or any person or corporation operating the insured automobile with the permission of the named assured, against loss from liability imposed by law for damages resulting from bodily injuries caused by accidents,

resulting from the use and operation of the insured automobile; that on November 7, 1926, the Providence Company, with the permission of the Interstate Company, the named assured, was operating the insured automobile in which plaintiffs were passengers; that plaintiffs recovered judgments against the Providence Company for personal injuries received while riding in the insured automobile while the same was being operated by the Providence Company. The testimony of Kirby is brief.

The policy, which is the basis of these actions, was issued to the Interstate Company June 30, 1926, for a period of one year, and insured the Interstate Company against loss from liability imposed by law for damages on account of personal injuries as the result of any accident occurring by reason of the ownership, maintenance or use of a Mack automobile bus No. 591144 of twenty-five passenger capacity. The purpose for which the bus was to be used was for the transportation of passengers for a consideration. Clause 8 of the policy extended the insurance provided by the policy so as to be available, in the same manner and under the same conditions as it is available to the named assured, to any person or persons while riding in or legally operating said automobile and to any person or corporation legally responsible for the operation thereof; provided such use or operation is with the permission of the named assured, with the proviso that this paragraph shall apply only as respects any automobile which is used for private passenger or commercial purposes. Condition A of the "Exclusions" provides that the policy does not cover any automobile while being used for rental or livery purposes. It is on Condition A that defendant relies as a defence to these suits. The trial justice based his decision on his finding that at the time of the accident when plaintiffs were injured the automobile was being used for rental purposes.

The Interstate Company was incorporated in May, 1925, and ran its motor busses between Providence and Attleboro, Mass. The Providence Company, incorporated in June,

1926, ran its busses between Providence and Worcester, Mass. Kirby was the secretary and manager of the Providence Company, and president and manager of the Interstate Company. Peter Caldarone was treasurer of both companies. These two officials, with one other person, comprised all the stockholders of both companies. The two companies with six other bus companies belonged to a Terminal Association, composed of eight operating companies running passenger busses out of the same terminal in Providence. In 1926 the passenger bus business was a new venture for the Interstate and the Providence companies. It was conducted almost entirely on a cash basis with practically no bookkeeping by either company.

On the afternoon of November 7, 1926, the bus of the Providence Company was late in reaching Providence; to avoid delay in making the next scheduled trip from Providence to Worcester, the Mack bus, covered by the policy and owned by the Interstate Company, was loaned by Kirby at the terminal station to the Providence Company for the next trip to Worcester; it left the terminal station in charge of one of the regular drivers of the Providence Company and shortly thereafter came into collision with a trolley car, with the result that plaintiffs and other passengers were seriously injured. This was the first time that this Mack bus had been used by the Providence Company. Kirby testified that there was no written agreement between the companies using the terminal station with respect to the exchange of busses; that he would order out a bus if another company wanted a bus in an emergency and a charge for the use of the bus of 35c a mile was made to any of the other companies; the amount of this charge was based on what was supposed to be the actual cost to the loaning company for the wear and tear of the bus and for the gas and oil used; to other companies not in the terminal association group, the charge, which was intended to include a profit, was 50c a mile; that there might be some slight profit at the rate of 35c a mile, but it was not the intention to make

any profit on this rate, simply to be sure of a sufficient margin to cover the actual cost.

The only substantial question is whether plaintiffs are barred from recovering against defendant by reason of the exclusion in Condition A against use "for rental or livery purposes." It is to be noted that the suspension of the insurance and the exclusion of the benefit thereof to the passengers, by the terms of the policy are not while the bus "is rented" but "while being used for rental or livery purposes." Defendant claims that a single renting is prohibited by the policy, that there was a renting of the bus in this instance and hence plaintiffs can not recover. Such an interpretation of the exclusion in Condition A we think is too narrow. The permission to use the bus was an accommodation and a favor to the Providence Company and not a business transaction on the part of the Interstate Company. It is possible that a small profit might have accrued from the estimated cost of operation and charge made therefor, but there was no desire or intent to make any such profit. The policy provided that this bus was to be used principally on scheduled trips between Providence and Attleboro, Mass., and Providence and Worcester. The Interstate Company was authorized to loan this bus for use by the Providence Company by the terms of the policy. The usual object of a renting is for profit. It is true that rent for the use of property may be the actual consideration received for such use without any profit; but such a transaction is not usually considered to be a business transaction. "Condition A" excepts from the insurance under the policy not automobiles while *rented* but "while being used for rental or livery purposes." This exception is a prohibition of an habitual course of conducting the business of the assured and does not prohibit a single and isolated transaction in an emergency such as the one under consideration. The bus was not kept for the purpose of being rented and there was no increase in the risks in the instant case. Moreover the clause is ambiguous and susceptible of more than one

meaning. Such being the case, as the language is that of the insurer, following the established rule of construction, any uncertainty in the meaning will be decided in favor of the assured rather than of the insurer. *Brady* v. *Norwich Union F. Ins. Society*, 47 R. I. 416.

In *Crowell* v. *Insurance Co.*, 169 N. C. 35, defendant insured a motor car under a policy in which one clause provided that the car insured "will not be rented or used for passenger service of any kind for hire, except by special consent of the company indorsed in the policy." Plaintiff, the owner of the car, was the proprietor of a garage and sometimes rented automobiles. He kept the car in question in the garage for his own use and not for renting. During the period of a year and a half before the loss by fire occurred, the car was used once to take a man to the railroad station and another time to take a party of hunters into the country. A verdict for plaintiff was sustained by the Supreme Court. It was held that the parties by this clause contemplated not a single act of renting or using the car for hire, a mere casual or isolated instance, but something of a more permanent nature and that the car was not "rented" in the sense of that word as used in the policy.

In *Commercial Union Assur. Co.* v. *Hill.*, 167 S. W. 1095 (Texas), a policy of insurance on an automobile against loss by fire contained the clause that it is warranted by the insured the automobile insured "shall not be used for carrying passengers for compensation, and that it shall not be rented or leased." It was held on appeal, after judgment for the plaintiff, that the use of the car by appellee's son on several occasions for carrying passengers for hire, without the knowledge of the appellee, did not breach the policy; that the words of this clause were intended by the parties to mean that the owner should not make a business of using the automobile for carrying passengers for hire and that it was not the intention of the parties that a casual use as made in this instance would work a forfeiture of the policy. The judgment was affirmed. We are of the opinion that the bus in the

instant case was not being used for rental purposes and that defendant is liable under the policy.

The exception of the plaintiff in each case is sustained.

As the question of the distribution of the proceeds of the policy among those entitled thereto has not been argued by counsel or considered by this court, the parties may be heard on this question if they so desire on Monday, June 3, 1929, at 9 o'clock a. m. Eastern Standard time; and also on the question of any other order to be made in these cases.

*Greenough, Lyman & Cross,* for plaintiffs O'Donnell and Lundblad.

*John B. Lawlor and Edward F. McElroy,* for plaintiff, Walker.

*Frederick A. Jones,* for defendant.