HUGH JOHNSTON, BY HIS NEXT FRIEND, V. NEW AMSTERDAM
CASUALTY COMPANY.

(Filed 13 May, 1931.)

1. **Insurance N b—Policy covering car while being used by employees in
   employer's business does not cover car when used for employee's
   purpose.**

   The provisions of an automobile liability insurance policy with an
   "omnibus coverage clause" extending its coverage to employees of the
   insured while using the cars of the insured and engaged in the perform-
   ance of its business, does not extend to the use of such cars by an em-
   ployee for purposes unrelated to or independent of the business of the
   insured, as in this case the use of the car by the employee after business
   hours for purposes exclusively his own.

2. **Insurance E b—Where language limiting insurer's liability is not
   ambiguous it may not be construed to enlarge liability.**

   Where the language of a policy of insurance is ambiguous or suscepti-
   ble of more than one construction, it should be given that construction
   favorable to the insured, but where the insurer's liability is limited by
   unambiguous language, the policy, as a rule should not be construed to
   enlarge the liability beyond the plain meaning of its terms.

APPEAL by plaintiff from *Harding, J.,* at February Term, 1931, of
MECKLENBURG. Affirmed.

This case was heard upon an agreed statement of facts. The defend-
ant is a corporation engaged in the business of writing liability insur-
ance on automobiles, and on 1 April, 1928, executed and delivered to
the C. D. Kenny Co., Inc., one of its liability insurance policies. On
22 December, 1928, J. B. Hirst, an employee of the Kenny Company,
while driving the car referred to in the insurance policy negligently
damaged a car of the plaintiff, who brought suit against Hirst and the
Kenny Company, but recovered only against Hirst a judgment for $435,
with interest and costs. An execution was issued on the judgment and
returned unsatisfied, Hirst being insolvent. At the time of the accident
the insurance policy was in force and effect. Hirst had customarily
used the car in going from and returning to his home, morning and
evening. He kept it at his house during the night. In going to and
from home after and before work he was legally in possession of it and
used it with the knowledge and consent of the Kenny Company. When
the collision and consequent damage occurred, Hirst was driving the
car without the knowledge of the Kenny Company on the Derita road
about 10 o'clock at night in company with a woman whom he had taken
up at the City Library about 6 o'clock. He was engaged in "business
entirely his own and without the knowledge of the Kenny Company."
The Derita road is north of the city limits. Hirst lived in the south-

eastern section of the city of Charlotte, known as Dilworth. He was a traveling salesman for the Kenny Company and used the car in his work for the company. When he took the woman in his car he had finished his work for the day. The policy of insurance is set out in the record.

Upon the agreed facts Judge Harding adjudged that the plaintiff take nothing by his action and recover his costs. The plaintiff excepted and appealed.

*G. T. Carswell and Joe W. Ervin for plaintiff.*
*J. Laurence Jones and J. L. Delaney for defendant.*

ADAMS, J. The policy of insurance contains an "omnibus coverage" clause in which the defendant agreed "to extend the insurance, subject to the limits expressed in statement 6 of the schedule, so as to be available in the same manner and under the same conditions as it is available to the named assured (C. D. Kenny Company, Inc.), to any person or persons while riding in or legally operating any of the automobiles described in the schedule and to any person, firm, or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured," etc. Statement 6 of the schedule provides that the liability of the defendant shall not exceed the amounts named in subsections a, b, and c, respectively.

The plaintiff takes the position that this clause extends the insurance to Hirst, and that the defendant is liable in damages to the plaintiff in the amount of his judgment. The defendant contends that the "omnibus coverage" clause, purporting to extend the insurance to certain persons therein referred to, is subject to the exclusions set out in the policy under Condition A, among which is this provision: "This policy does not cover any automobile while being used in any business, trade, or occupation other than described in statement 8 of the schedule." Statement 8 is as follows: "The occupation or business of the assured is wholesale and retail teas, coffees, and sugars."

The controversy, it will be observed, is reduced to the compass of a single question: Under the terms of Condition A and statement 8 does the policy cover the car in question while being used by Hirst for his own convenience or pleasure without the knowledge of the Kenny Company, and on "business entirely his own" and utterly unrelated to his employer's business and to his duties as its traveling salesman? In our opinion the question should be answered in the negative and the judgment of the trial court should be affirmed.

As authority for his position the plaintiff cites *Dickinson v. Maryland Casualty Co.,* 101 Conn., 369, 41 A. L. R., 500; *Peterson v.*

INDEMNITY CO. *v.* PERRY.

*Maloney* (Maryland Casualty Co., Garnishee), 232 N. W. (Minn.), 790, and *Stovall v. New York Indemnity Co.,* 8 S. W. (2nd) (Tenn.), 473; but neither of these cases is decisive of the question presented in the present appeal. In the first two, the clause purporting to extend the insurance so as to be available to certain persons in like manner and under the same conditions as it is available to the named assured, is substantially the same as that of the policy under consideration. Yet, there is a marked difference between this policy and the policies construed in the *Dickinson case* and the *Peterson case*. The crucial distinction is this: Condition A and statement 8, above set forth, do not appear in the latter policies. In the *Stovall case* the determinative question, as stated in the opinion, was whether at the time of the accident the employee was using the automobile with the permission of his employer.

We recognize the established principles that a policy of insurance, if the language is ambiguous or susceptible of more than one interpretation, should be given a construction favorable to the assured, and that if the insurer's liability is limited by unambiguous language the policy, as a rule, should not be construed to enlarge the liability beyond the plain meaning of its terms. *Gant v. Ins. Co.,* 197 N. C., 122; *McCain v. Ins. Co.,* 190 N. C., 549. In the case before us the "omnibus coverage" clause extending the insurance to persons other than the named assured is limited by the provision that the policy shall not cover any automobile while being used in any business, trade, or occupation except the occupation or business of dealing in teas, coffees and sugars. The phrase, "while being used," has reference to the time of the casualty; and obviously at that time the car was not being used in the employer's business. Judgment

Affirmed.