Clifford Emond and Whit Windham, both of Birmingham, for appellant.

162 So. 376

## HILL v. OCEAN ACCIDENT & GUARANTEE CORPORATION.

### 6 Div. 787.

Supreme Court of Alabama.

June 20, 1935.

J. P. Mudd, of Birmingham, for appellee.

GARDNER, Justice.

Plaintiff recovered of one A. E. Cumby a judgment for damages arising out of a collision with a truck, owned by Wilson & Co., and operated at the time by said Cumby, an employee of said Wilson & Co. There was in force at the time a liability insurance policy issued by defendant to Wilson & Co., and plaintiff sues thereon; his right to so prosecute the suit resting upon section E of the policy.

It appears from the pleadings (details omitted) that, though Cumby at the time of the collision was in the permissive use of the truck belonging to Wilson & Co., yet he was making use of it for his own purpose —going for coal for his home consumption—and in no manner connected with the business of Wilson & Co.

Paragraph 7 of the policy provides coverage for "additional assured," and it is plaintiff's insistence this provision includes Cumby, the operator of the truck, particularly in view of the definition of the word "assured" found in paragraph A, to include additional assured as well as the named insured, and the definition of "named insured" as having application only to the assured named as such in the "declarations."

Defendant insists the policy discloses a distinction as to the character of vehicle in use, and that while as to passenger cars there may be some force in plaintiff's contention, yet as to the operation of truck type vehicles there can be no liability, under the express terms of the policy, unless the same is used "in direct connection with the assured's business occupation as stated in Declaration 3" of the policy, wherein is the statement: "The named assured is a corporation, and the named assured's occupation or business is various—packing principally."

The trial court accepted defendant's theory, and we think correctly so.

■ The rule is familiar, as contended by plaintiff (citing New Brunswick Fire Ins. Co. v. Nichols, 210 Ala. 63, 97 So. 82; Mutual Life Ins. Co. v. Lovejoy, 201 Ala. 337, 78 So. 299, L. R. A. 1918D, 860; Southern Ins. Co. v. Wilson, 214 Ala. 373, 108 So. 5; Illinois Automobile Ins. Exch. v. Southern Motor Sales Co., 207 Ala. 265, 92 So. 429, 24 A. L. R. 734; Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909; Dickinson v. Maryland Casualty Co., 101 Conn. 369, 125 A. 866, 41 A. L. R. 500; St. Paul Fire & Marine Ins. Co. v. American Compounding Co., 211 Ala. 593, 100 So. 904, 35 A. L. R. 1018), that doubtful language in insurance policies is to be construed most favorably to the insured; but this rule, as has been frequently stated, is not to be carried to the extent of construing such a contract contrary to the manifest intention of the parties, for such intention is the "pole star" of all rules of construction. New York Life Ins. Co. v. Crumpton (Ala. Sup.) 160 So. 332[1]; Home Loan & Finance Co. v. Fireman's Fund Ins. Co., 221 Ala. 529, 129 So. 470; Life & Casualty Ins. Co. v. Bottoms, 225 Ala. 382, 143 So. 574; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; Nettles v. Lichtman, 228 Ala. 52, 152 So. 450. For, as said in Home Loan & Finance Co. v. Fireman's Fund Ins. Co., supra: "True intent governs insurance contracts, as well as others. * * * While doubtful terms in insurance contract are construed in insured's favor, no strained construction should be indulged to raise doubt."

The policy contains the provision that no insurance is granted thereby "while any motor vehicle is being used for purposes other than those specified in the Declarations." Section B of the declarations contains the following: "Truck type and commercial delivery motor vehicles (if any) used for transportation or delivery of materials or merchandise in direct connection with the assured's business occupation as

---

[1] Ante, p. 147.

592

stated in declaration 3." Referring to declaration 3, we find: "The named assured is a corporation, and the named assured's occupation or business is various, packing. principally." And in declarations 1 and 2, just preceding, is the following: "1. The named assured Wilson and Company and/or its subsidiary companies. 2. Address of assured No. 41st Street and Ashland Avenue, City * * * of Chicago * * * State of Illinois." While in section 3 of declarations are the words "assured's business occupation," rather than the "named assured," yet it is clear beyond controversy that the assured referred to was Wilson & Co., for the words are followed by "as stated in Declaration 3," and in declaration 3 is found the designation of the "named assured's business * * * various, packing principally."

The "omnibus coverage" clause, under which alone insurance would be held applicable to Cumby, is limited by the above-noted provisions as to truck type vehicles, that there shall be no insurance granted relative thereto, unless being used in direct connection with the business of the named insured.

The case more nearly in point, to which our attention has been directed, is that of Johnston v. New Amsterdam Casualty Co., 200 N. C. 763, 158 S. E. 473, construing policy provisions very similar, and which fully sustains this conclusion. The definitions of "assured" and "named assured" found in paragraph A have their field of operation, but, as above indicated, the "omnibus coverage" clause is limited by the specific provisions as to truck type vehicles hereinbefore noted, and in which Wilson & Co. are plainly and definitely desig nated.

■ While only truck type vehicles appear to have been specifically enumerated and covered by this particular policy, yet it was written for other vehicles also, and the policy is properly to be interpreted from its four corners.

The case of Kaifer v. Georgia Casualty Co. (C. C. A.) 67 F.(2d) 309, cited by plaintiff, deals with the meaning of the word "assured," as applicable to certain policy provisions, not here involved, and cannot be said to sustain plaintiff's contention in the instant case.

But plaintiff cites authorities (O'Donnell v. New Amsterdam Casualty Co., 50 R. I.

269, 146 A. 410; Firemen's Ins. Co. v. Rye, 160 Ark. 212, 254 S. W. 465; Juskiewicz v. New Jersey Fidelity & Plate Glass Co., 210 App. Div. 675, 206 N. Y. S. 566) to the effect that in any event an isolated or even occasional use of the vehicles for purposes other than those specified, where the use is not of such kind and nature as to increase the risk of loss, and where the use is not habitual, does not prevent coverage attaching during such period.

But in Drewek v. Milwaukee Automobile Ins. Co., 207 Wis. 445, 240 N. W. 881, 883, differentiating the above-cited authorities, the court said: "It may be true that, in so far as those representations were merely in the nature of warranties, the mere casual or incidental use of the truck, for some purpose other than that which was stated in the warranty, may not have constituted such a breach thereof as resulted in annulling or forfeiting the policy for all purposes."

Like observation was made in American Indemnity Co. v. Jagoe (Tex. Civ. App.) 73 S.W.(2d) 574.

But the matter of mere warranties as to use is not here involved.

■ In the instant case, as in Drewek v. Milwaukee Automobile Ins. Co., supra, there is what we interpret as a plain and unambiguous limitation on the extent of the coverage that renders the policy inapplicable to liability incurred by an insured while the truck is being used otherwise than therein specified. The provision is that "no insurance is granted by this policy" if used for purposes other than those specified. The truck was not being used for any purpose connected with the business of Wilson & Co., the named insured, but for the private business of the driver. In such event, we construe the contract in plain language, stipulating that "no insurance is granted," an express limitation upon the extent of the coverage. This view is sustained by Johnston v. New Amsterdam Casualty Co., 200 N. C. 763, 158 S. E. 473; Drewek v. Milwaukee Automobile Ins. Co., supra; Williams v. American Auto. Ins. Co. (C. C. A.) 44 F.(2d) 704; Snyder v. National Union Indemnity Co. (C. C. A.) 65 F.(2d) 844; American Indemnity Co. v. Jagoe, supra, and properly differentiated; we do not consider it opposed by the authorities cited by plaintiff, herein noted.

We therefore conclude the ruling of the trial court is correct, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

