# Richmond

GASKIN ELLIS V. NEW AMSTERDAM CASUALTY COMPANY, A CORPORATION.

January 13, 1938.

Present, Campbell, C. J., and Holt, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Charles B. Godwin, Jr.,* for the plaintiff in error.

*S. Burnell Bragg,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This is an action at law brought by the plaintiff in error against the New Amsterdam Casualty Company, defendant in error, to establish the liability of the defendant upon a policy of insurance issued by the defendant in favor of one S. Jaffe. There was a trial by a jury which resulted in a verdict in favor of the plaintiff. Upon motion of the defendant, the trial court set aside the verdict of the jury and entered a final judgment for defendant in error.

The controlling facts are as follows:

In September, 1933, the defendant issued to S. Jaffe, as an individual, a liability insurance policy covering a Chevrolet truck. The pertinent provisions of the policy are these:

"STATEMENT 8: The occupation or Business of the named Assured is Merchant (furs and hides).

"STATEMENT 9: The purposes for which the above described automobiles or trailers are to be used are Commercial Delivery.

"GENERAL AGREEMENT—Does hereby agree with the named Assured as respects bodily injuries or death suffered, or alleged to have been suffered, by any person or persons other than the named Assured as the result of accidents occurring in the continental limits of the United States and Canada while this Policy is in force, by reason of the ownership, maintenance or use of any automobile or trailer described in the Schedule of Statements, including the loading and unloading of such automobile or trailer;

"OMNIBUS COVERAGE—(9) To extend the insurance provided by this Policy under Agreements (1) and (2) so as to be available, in the same manner and under the same conditions as it is available to the named Assured, to any person or persons while riding in or legally operating any

of the automobiles or trailers described in the Schedule of Statements, and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named Assured, or, if the named Assured is an individual, with the permission of an adult member of the named Assured's household other than a chauffeur or a domestic servant; * * * The unqualified term 'Assured' wherever used in this policy shall include in each instance any other person, firm or corporation entitled to insurance under the provisions and conditions of this paragraph, but the qualified term 'named assured' shall apply only to the Assured named and described as such in the Schedule of Statements:

"EXCLUSIONS—Condition A: This Policy does not cover any accident: (1) caused by an automobile or trailer while being used in any race or speed test; (2) caused by any automobile or trailer while being driven by any person in violation of law as to age, or under the age of fourteen (14) years in any event; (3) caused by any automobile while being used for towing or propelling any trailer or any vehicle used as a trailer; unless such automobile or trailer are described in the Schedule of Statements, but incidental assistance to a stranded automobile is permitted; (4) caused by any automobile or trailer while being used for rental and/or livery purposes, or for carrying of passengers for a consideration, unless permitted by the description of usage appearing in the Schedule of Statements; (5) caused by any automobile or trailer of the truck or delivery type or station wagon type used to carry persons to or from picnics, outings or games; (6) caused by any automobile or trailer while being used in any busines, trade or occupation other than described in the Schedule of Statements; * * *

"STATUTORY PROVISIONS—Condition F: Any specific statutory provision in force in the state in which it is claimed that the Assured is liable for any accident covered hereby shall supersede any provision in this Policy inconsistent therewith."

At the time of the accident suffered by plaintiff, Jaffe, the assured, a resident of Suffolk, Virginia, was engaged in the business of buying cattle, furs and hides and also operated a stall in the Suffolk market. On the afternoon preceding the accident, Jaffe instructed his employee, Charles Gray, to take two coops of chickens to Portsmouth, Virginia, to have them killed by a rabbi. Gray performed this service, returned to Suffolk and deposited the chickens in the ice box at the market place. Instead of leaving the truck at Jaffe's place of business, he proceeded to a pool room in Suffolk, picked up several negro boys and drove to the Cotton Club, a negro resort situated four miles from Suffolk. On the return from the Cotton Club, about 11:30 P. M., the truck collided with a bicycle upon which the plaintiff was riding. As a result of the collision, plaintiff suffered severe injuries.

On September 14, 1934, plaintiff brought an action by notice of motion against S. Jaffe, as principal, and Gray, as agent, to recover damages as a result of the accident. Gray was called as an adverse witness by counsel for plaintiff and testified that at the time of the accident he was using the truck for his own pleasure and against the orders of Jaffe. The trial resulted in a verdict against Gray and in favor of Jaffe. Sometime subsequent to the entry of judgment upon the verdict of the jury, Gray filed in the clerk's office an affidavit in which he repudiated the testimony given by him upon the trial of the case and set forth in the affidavit that at the time of the accident he had permission of Jaffe to use the truck. Following the filing of this affidavit plaintiff brought the present action against the defendant, and upon the trial of the case, Gray testified as a witness for the plaintiff, repudiating his former testimony and claiming he had the permission of Jaffe to drive the truck at the time of the accident. This statement was flatly contradicted by Jaffe. The trial resulted, as heretofore stated, in a verdict for the plaintiff, which the court set aside and entered judgment for the defendant.

■ The error assigned is predicated upon the action of the court in setting aside the verdict and entering judgment for defendant. Whether or not, if we had been upon the jury trying the case, we would have accepted the statement of Gray, is immaterial and irrelevant. Upon a conflict of evidence the jury has accepted the evidence of Gray and in this jurisdiction the question of conflict is settled by the verdict of the jury.

· In *Margiotta* v. *Aycock,* 162 Va. 557, 174 S. E. 831, 834, Justice Holt said:

"It is true that they claim that plaintiff's witnesses out of court and in the preceding trials had made statements materially different from those made in the present trial. This is an argument which might with compelling force have been addressed to the jury. It doubtless was, but it can seldom avail on appeal. If all that is claimed be conceded, it still could not change results, for the issue was the truth of those made here and not elsewhere. A jury has the right to believe the testimony of a confessed perjurer though it should weigh his statements with great caution. The approval of the verdict by the trial judge adds weight to the verdict."

We come now to a discussion of what is conceded by counsel to be the determinative question in the case, viz: Did the policy of insurance cover the purposes for which the truck was being used at the time of the accident? The basic contention of counsel for plaintiff is founded upon two propositions: First, that at the time of the accident Gray occupied the same relation to the policy that Jaffe would have occupied had he (Jaffe) been driving the truck at the time of the accident, and that under the terms of the policy Jaffe was not inhibited from using the truck for pleasure purposes; Second: Even if it should be determined that Jaffe was not covered by the general terms of the policy, yet he was protected against liability by section 4326a of the Code 1936, pursuant to that provision of the policy which reads:

"STATUTORY PROVISIONS—Condition F: Any specific statutory provision in force in the state in which it is claimed that the Assured is liable for any accident covered hereby shall supersede any provision in this Policy inconsistent therewith."

There is no merit in this latter contention. The record shows that the policy was issued to Jaffe on September 15, 1933, while the act relied upon was not enacted until March 29, 1934. The act relates only to policies issued subsequent to its passage and is in no sense retroactive in its effect.

In our opinion the first contention is also untenable. The nature of the vehicle insured negatives the idea that it was to be used for pleasure purposes. This fact is emphasized by the assured in statement 9, where he says that the purpose for which the truck is to be used is "commercial delivery." It is conceded that the commercial use of the truck is confined under the terms of the policy to the business stipulated under the term "occupation," to-wit, "furs and hides." In other words, the uses to which this truck may be devoted are the uses designated in the policy.

In *Collins* v. *Metropolitan Life Insurance Co.*, 163 Va. 833, 839, 178 S. E. 40, 42, it is said:

"Undoubtedly policies of insurance are to be liberally construed in favor of the insured, and we have uniformly so held but courts have no power to write contracts for people. Their duty is to construe those which they themselves have made.

"Our conclusion is that the policy must be construed according to its terms. They are plain and clear and we are bound to adhere to them as the only authentic expression of the intention of the parties." Citing *Indemnity Insurance Co.* v. *Jordan, supra,* 158 Va. 834, 164 S. E. 539; *Kennard* v. *Travelers Protective Association,* 157 Va. 153, 160 S. E. 38.

In our examination of the authorities dealing with the question of "exclusions" in contracts of insurance, we find almost universal support of our conclusions.

In *Williams* v. *American Automobile Insurance Co.*, 44 F. (2d) 704, 705, it appears that the American Automobile Insurance Company insured a truck owned by Morrison Supply Company against loss resulting from claims for damage caused by reason of the supply company's ownership or use of an automoblie truck, subject to the limitation that the truck should be used only for "commercial purposes." The policy contained a clause which made the insurance also available to any person lawfully operating the truck with consent of the supply company; and provided, in the event of judgment being recovered by any claimant against the insured and execution being returned unsatisfied, that an action might be maintained by the judgment creditor against the insurance company, subject to the terms and conditions of the policy. While the policy was in force, the supply company's salesman and branch manager at Wichita Falls, Texas, lent the truck to Paul Barnett for the purpose of transporting a troop of Boy Scouts from Wichita Falls to the State Fair at Dallas.

Barnett, while driving the borrowed truck on the trip, ran it against and injured appellant, Williams. Appellant recovered judgment against Barnett in an action based upon negligence, and execution on the judgment was returned unsatisfied. Appellant then brought this action against appellee on the policy of insurance. Appellee defended on the ground that at the time of appellant's injury the truck was not being used for commercial purposes. At the close of all the evidence the trial court directed a verdict and entered judgment for appellee. The court said:

"That the truck was not being used for commercial purposes on the occasion of appellant's injury, we entertain no doubt. It was being used, not in the business of the supply company, but on a pleasure trip for the accommodation of Barnett and the Boy Scouts. The fact that Barnett was chief clerk in the waterworks department of the city to which the supply company sometimes sold goods does not tend to show a business or commercial use of the truck. The language of the policy is so restrictive that it cannot

be stretched to cover the use of the truck in a manner wholly foreign to ordinary business and commercial purposes. * * *

"It therefore was not error to direct a verdict for appellee. The judgment is affirmed."

In *Johnston* v. *New Amsterdam Casualty Co.*, 200 N. C. 763, 158 S. E. 473, 474, decided by the Supreme Court of North Carolina in May, 1931, the facts are these:

The defendant in error insured a passenger car of the C. D. Kenny Company to be used by a traveling salesman of the Kenny Company, whose name was J. B. Hirst, in his work in soliciting business and selling goods of the said company. This car was kept at the salesman's home during the night, he used it going to and from his home after and before working hours, and he was legally in possession of the said car and used it with the knowledge and consent of the Kenny Company. When the accident in question occurred, Hirst had picked up a woman and was taking her home after his business hours were over. The party injured in the accident recovered a judgment against Hirst, the driver of the car. The plaintiff took the position that the omnibus clause extended the insurance to Hirst, and that the defendant, the New Amsterdam Casualty Company, was liable for the damages to the plaintiff in the amount of his judgment. The court construed the omnibus coverage clause and also statement 8 under the Schedule of Statements, which was a policy issued by the present defendant and similar to the policy issued in the instant case.

The opinion, delivered by Adams, J., is brief and convincing, and reads as follows:

"The policy of insurance contains an 'omnibus coverage' clause in which the defendant agreed 'to extend the insurance, subject to the limits expressed in Statement 6 of the Schedule, so as to be available in the same manner and under the same conditions as it is available to the named assured (C. D. Kenny Company, Inc.), to any person or persons while riding in or legally operating any of the

automobiles described in the schedule and to any person, firm, or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured,' etc. Statement 6 of the schedule provides that the liability of the defendant shall not exceed the amounts named in subsections a, b, and c, respectively.

"The plaintiff takes the position that this clause extends the insurance to Hirst and that the defendant is liable in damages to the plaintiff in the amount of his judgment. The defendant contends that the 'omnibus coverage' clause, purporting to extend the insurance to certain persons therein referred to, is subject to the exclusions set out in the policy under condition A, among which is this provision: 'This policy does not cover any automobile while being used in any business, trade, or occupation other than described in Statement 8 of the Schedule.' Statement 8 is as follows: 'The occupation or business of the Assured is wholesale and retail teas, coffees, and sugars.'

"The controversy, it will be observed, is reduced to the compass of a single question: Under the terms of condition A and statement 8, does the policy cover the car in question while being used by Hirst for his own convenience or pleasure without the knowledge of the Kenny Company, and on 'business entirely his own' and utterly unrelated to his employer's business and to his duties as its traveling salesman? In our opinion the question should be answered in the negative and the judgment of the trial court should be affirmed.

"As authority for his position, the plaintiff cites *Dickinson* v. *Maryland Casualty Co.*, 101 Conn. 369, 125 A. 866, 41 A. L. R. 500; *Peterson* v. *Maloney (Maryland Casualty Co., Garnishee)*, 181 Minn. 437, 232 N. W. 790, and *Stovall* v. *New York Indemnity Co.*, 157 Tenn. 301, 8 S. W. (2d) 473 [72 A. L. R. 1368]; but neither of these cases is decisive of the question presented in the present appeal. In the first two, the clause purporting to extend the insurance so as to be available to certain persons in like manner and un-

der the same conditions as it is available to the named assured, is substantially the same as that of the policy under consideration. Yet there is a marked difference between this policy and the policies construed in the *Dickinson Case* and the *Peterson Case*. The crucial distinction is this: Condition A and statement 8, above set forth, do not appear in the latter policies. In the *Stovall Case* the determinative question, as stated in the opinion, was whether at the time of the accident the employee was using the automobile with the permission of his employer.

"We recognize the established principles that a policy of insurance, if the language is ambiguous or susceptible of more than one interpretation, should be given a construction favorable to the assured, and that, if the insurer's liability is limited by unambiguous language, the policy, as a rule, should not be construed to enlarge the liability beyond the plain meaning of its terms. *Gant* v. *Provident Life, etc., Ins. Co.,* 197 N. C. 122, 147 S. E. 740; *McCain* v. *Hartford Live Stock Ins. Co.,* 190 N. C. 549, 130 S. E. 186. In the case before us the 'omnibus coverage' clause extending the insurance to persons other than the named assured is limited by the provision that the policy shall not cover any automobile while being used in any business, trade, or occupation except the occupation or business of dealing in teas, coffees, and sugars. The phrase 'while being used' has reference to the time of the casualty; and obviously at that time the car was not being used in the employer's business.

"Judgment affirmed."

In *Hill* v. *Ocean Accident & Guarantee Corporation,* 230 Ala. 590, 162 So. 376, decided by the Supreme Court of Alabama on June 20, 1935, the *Johnston Case* is cited with approval. The facts of the *Hill Case* are these:

The Ocean Accident & Guarantee Corporation issued a policy on a truck belonging to Wilson & Company, and at the time of the accident they had loaned this truck to one of their employees to haul some coal for his (employee's) home consumption, and it was being used for the employee's

own purpose and was in no manner connected with the business of Wilson & Company. The court said:

"Defendant insists the policy discloses a distinction as to the character of vehicle in use, and that while as to passenger cars there may be some force in plaintiff's contention, yet, as to the operation of truck type vehicles, there can be no liability, under the express terms of the policy, unless the same is used 'in direct connection with the assured's business occupation as stated in Declaration 3' of the policy, wherein is the statement: 'The named assured is a corporation, and the named assured's occupation or business is various—packing principally.' The trial court accepted defendant's theory, and we think correctly so."

The court cites other authorities in support of its position and says:

"The rule is familiar * * * that doubtful language in insurance policies is to be construed most favorably to the insured; but this rule, as has been frequently stated, is not to be carried to the extent of construing such a contract contrary to the manifest intention of the parties, for such intention is the 'pole star' of all rules of construction.

*    *    *    *    *    *    *

"The case more nearly in point, to which our attention has been directed, is that of *Johnston* v. *New Amsterdam Casualty Co.*, 200 N. C. 763, 158 S. E. 473, construing policy provisions very similar, and which fully sustains this conclusion. The definitions of 'assured' and 'named assured' found in paragraph A have their field of operation, but, as above indicated, the 'omnibus coverage' clause is limited by the specific provisions as to truck type vehicles hereinbefore noted, and in which Wilson & Company are plainly and definitely designated.

"* * * The truck was not being used for any purpose connected with the business of Wilson & Company, the named assured, but for the private business of the driver. In such event, we construe the contract in plain language, stipulating that 'no insurance is granted,' an express limita-

tion upon the extent of the coverage. This view is sustained by *Johnston* v. *New Amsterdam Casualty Co.,* 200 N. C. 763, 158 S. E. 473; *Drewek* v. *Milwaukee Automobile Insurance Co., supra* [207 Wis. 445, 240 N. W. 881] ; *Williams* v. *American Automobile Insurance Co.* (C. C. A.) 44 F. (2d) 704."

In *Ocean Accident, etc., Corporation* v. *Blackstock,* 165 Va. 98, 181 S. E. 364, 366, it appears that plaintiff brought an action against the operator of an automobile and recovered judgment against him. He then brought suit for the amount of the judgment on the insurance policy issued by the company to the owner of the automobile, to recover the amount of the judgment from the insurance company which he could not collect from his judgment debtor, the driver of the car.

The insurance policy contained the omnibus clause, but limited the coverage by providing that it should not be extended to any person operating an automobile repair shop. At the time of the accident to the plaintiff, the car was being driven by one Taylor, who operated a service station. Taylor had gone to the home of the owner of the car to drive it back to his station to thaw it out, or to do what was necessary to repair the radiator of the car. On the way to the service station he had the accident.

At the conclusion of the evidence, the trial court struck out the evidence for the plaintiff and a verdict was found in favor of the defendant. Subsequently, the court set aside the verdict and entered judgment for the plaintiff. In reversing the judgment of the trial court, Justice Chinn said:

"The sole question presented by the record is whether the provisions of the policy of insurance issued Miss Wynn cover Norman Taylor so as to render the company liable to the plaintiff injured by him, or whether the company is exempted from liability by the exceptions to the coverage provisions of clause seven of the policy." In further support of the conclusion reached, see also: *Trzich* v. *United States Casualty Co.,* 52 Ohio App. 246, 3 N. E. (2d) 684;

*United States Fidelity and Guaranty Co.* v. *Mann,* 73 F. (2d) 465; *Ohio Casualty Insurance Co.* v. *Plummer,* 13 F. Supp. 169; *Columbia Casualty Co.* v. *Lyle,* 81 F. (2d) 281.

We find no error in the judgment of the trial court and it is, therefore, affirmed.

*Affirmed.*