## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Robert Dandridge et al.

v.

Am. Service Center Leasing,
Inc., et al.

October 30, 1985

Case No. (Law) 9185

By JUDGE ALFRED D. SWERSKY

Plaintiffs, State Farm Insurance Company and Robert Dandridge, have asked the Court for a Declaratory Judgement that Dandridge is an insured within the meaning of Universal Underwriters Insurance Company's policy issued to American Service Center Leasing, Inc. and to declare that Universal owes a duty of primary coverage to Dandridge. Therefore, asserts plaintiffs, Universal can not maintain an action against Dandridge on a subrogation theory and Universal must defend any and all actions against Dandridge.

Defendants contend that Dandridge is not an insured of Universal by virtue of Title 38.1, Section 381(a3)[1]; alleging that Dandridge has other "valid and collectible insurance applicable to the same loss," i.e., State Farm's policy.

Plaintiff, State Farm, responds by asserting that Section 381(a3) does not apply because the exclusion from the operation of the Omnibus Clause (38.1-381(a))[2] applies only when the vehicle covered is leased by "such business" as is engaged in the repairing of plaintiff's

---

[1] This is now Section 38.2-2205(A) [Reporter's Note]..

[2] This is now Section 38.2-2204(A) [Reporter's Note].

automobile; further that the business repairing plaintiff's car was American Service Center associates, a Limited Partnership, and the leasing of the vehicle was done by A.S.C. Leasing, Inc., a corporation.

Defendants respond by asserting that the two entities, while separate, are so closely "intertwined" as to constitute the same business for purposes of the statute.

It has been stipulated that American Service Center Associates and A.S.C. Leasing, Inc., are both named insureds on Universal's policy and share common ownership. Further, one-half of the car rental charges were billed by A.S.C. Leasing, to Mercedes Benz Service, which constitutes a major portion of American Service Center Associates.

In 1985, the Legislature amended the statute in question by deleting the phrase "by such business." Such amendment would be prospective only and has no bearing on the decision in this case. *See, Ellis* v. *New Amsterdam Casualty Co.,* 169 Va. 620, 194 S.E. 687 (1938).

The word "business" as used by the Legislature has no specific meaning in law; that is, it is not a term of art. It can encompass more than one entity when given its common definition of an activity or enterprise for gain, profit, livelihood or advantage. Since both the leasing company and the Service Center were named insureds on the Universal policy and the policy was issued in connection with their business of "selling, leasing, repairing, servicing, storing or parking motor vehicles" the statutory exclusion contained in Title 38.1, section 381(a3), does apply and primary coverage must be afforded by State Farm as contemplated by Title 38.1, Section 381(a).