MRS. M. W. GANT v. THE PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY OF CHATTANOOGA, TENNESSEE.

(Filed 24 April, 1929.)

1. **Insurance E b—Construction of insurance contract in general.**

The rule that a liberal construction of ambiguous language will be given in favor of the insured has no application when the words employed clearly express the terms upon which the policy has been issued.

2. **Insurance R a—Construction of policy of accident insurance as to the risks covered.**

When a policy of accident insurance limits the liability of the company to injuries caused the insured by being struck by a moving automobile, its plain and unambiguous meaning will not be extended in favor of the insured to cover an injury caused by being struck with a plank hurled against her by a revolving wheel of an automobile.

3. **Trial D c—Nonsuit properly granted when evidence does not establish liability of defendant.**

Where the only evidence in an action upon an accident insurance policy tends to show that the defendant was not responsible under the terms of the policy, the defendant's motion as of nonsuit is properly granted.

APPEAL by defendant from *Shaw, J.,* at August Term, 1928, of GUILFORD. Reversed.

This is an action to recover on an automobile accident policy of insurance issued by defendant to plaintiff on 6 February, 1923, and in force on 10 January, 1927. The policy provides for the payment by defendant to plaintiff of a stipulated sum of money, as indemnity, for the loss of life or limb, of sight or time, by accidental means; the liability of defendant, however, is expressly limited by the language of the insuring clause in said policy.

By said policy defendant insured plaintiff "against the effects resulting exclusively of all other causes from bodily injury sustained by the insured during the life of this policy solely through external, violent and accidental means (excluding suicide while sane or insane, or any attempt thereat while sane or insane) and which bodily injury is sustained by the insured as the result of operating, driving, riding in or on, adjusting or cranking an automobile, or of being struck, run down or run over by a moving automobile, or caused by the burning or explosion of an automobile."

The evidence at the trial tended to show that on 10 January, 1927, plaintiff was struck by a plank which was thrown against her by the revolving wheel of an automobile; the plank struck the plaintiff on her leg, thereby causing her a serious bodily injury. At the time she was struck by the plank plaintiff was standing in the yard of her home in Greensboro, N. C., at a distance of 12 or 15 feet in the rear of the automobile. No part of the automobile struck, or came in contact with the person of plaintiff.

Plaintiff's husband had undertaken to drive the automobile from his garage to the street, in front of his home; the driveway, running from the garage to the street, was covered with snow, 15 to 17 inches deep. After the automobile had been driven from the garage, and while it was on the driveway, the rear wheels began to spin, because of the snow on the driveway. This caused the automobile to skid. To prevent the wheels from spinning and the automobile from skidding, plaintiff's husband directed a servant to place a plank under each of the rear wheels. When this had been done, the wheels passed over the planks underneath them. As the left rear wheel passed over the plank, which had been placed under it, the plank was hurled by the revolving wheel, with great force, toward the plaintiff, who at the time was standing in the rear of the automobile. This plank struck the plaintiff and caused the injury to her leg. Because of the injury, plaintiff was taken at once to a hospital, where she remained for thirty-five days, under the care of physicians and surgeons. Since her return to her home from the hospital plaintiff has been unable, because of her injury, to resume the performance of her household duties.

GANT *v.* INSURANCE COMPANY.

Issues were submitted to the jury, and answered as· follows:

"1. Was the plaintiff struck by a moving automobile, within the terms of the policy of insurance, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff on said occasion expose herself to unnecessary danger? Answer: No.

3. What amount, if any, is plaintiff entitled to recover of defendant? Answer: $635, with interest from 15 July, 1927."

From judgment on the verdict defendant appealed to the Supreme Court.

*Shuping & Hampton for plaintiff.*
*Brooks, Parker, Smith & Wharton for defendant.*

CONNOR, J. Only one question is presented for decision by defendant's several assignments of error on this appeal: Was the bodily injury, which all the evidence shows was sustained by her on 10 January, 1927, the result of plaintiff "being struck . . . by a moving automobile"? Unless this question can be answered in the affirmative, it must be conceded that plaintiff cannot recover in this action. Defendant is liable to plaintiff only under the terms of the policy; if the injury ˙which she sustained is not included within the terms of the policy, plaintiff cannot recover.

There was no evidence at the trial tending to show that plaintiff in fact was struck by a moving automobile, and thereby injured; all the evidence tended to show that she was struck by a plank. Can the language of the policy be so construed by the court that it may be held, upon all the evidence, as a matter of law, that plaintiff was struck by a moving automobile, because the evidence shows that she was struck by a plank which was thrown against her by the revolving wheel of an automobile?

If the language of the policy is uncertain or ambiguous, and is susceptible to more than one construction, the court will adopt ,and apply that construction which is most favorable to the insured. If, however, there is no uncertainty or ambiguity in the language of the policy, there is no occasion for judicial construction; the rights and liabilities of the parties must be determined in accordance with the plain, ordinary, and popular sense of the language which they have used in their contract. *Penn v. Insurance Co.,* 158 N. C., 29, 73 S. E., 99.

In the instant case the liability of the defendant under the policy which plaintiff accepted, is expressly limited by language which is free from uncertainty or ambiguity. This language, therefore, cannot be so construed as to enlarge defendant's liability, in order that plaintiff may recover upon the facts shown by the evidence. As there ˙was no evidence

from which the jury could find that plaintiff was injured by "being struck by a moving automobile," we must hold that there was error in the refusal of the court to allow defendant's motion, at the close of the evidence, that the action be dismissed as upon nonsuit. To the end that the action may be dismissed, in accordance with this opinion, the judgment is

Reversed.