## ANUZEL MEDLIN DeBERRY v. AMERICAN MOTORISTS INSURANCE COMPANY

### No. 7616DC902

### (Filed 20 July 1977)

**1. Insurance § 68.6— automobile liability policy — medical payments — "struck by automobile"**

Recovery under the medical payments provision of an automobile liability policy providing coverage for accidental injury caused by being "struck by an automobile" does not require physical contact between the automobile and the body of the insured; therefore, an insured was entitled to recover under such provision for medical expenses incurred for an injury received when an automobile struck a rope barrier that had been tied across a city street during a Christmas parade, causing it to break and to strike and injure the insured, although the automobile did not come into physical contact with the insured's body and the rope was not in physical contact with the insured's body at the time it was struck by the automobile.

**2. Insurance § 68.7— automobile liability policy — coverage of two automobiles — medical payments**

The limit of an insurance company's liability under the medical payments provision of an automobile liability policy covering two cars for injury to the insured when she was "struck by an automobile" was the amount on each insured car ($500.00), not the total amount on both insured cars ($1,000.00).

**3. Attorneys at Law § 7.5— action against insurer — no unwarranted refusal to pay claim — disallowance of attorney's fees**

The trial court properly found that there was no unwarranted refusal by defendant insurer to pay plaintiff insured's claim under the medical payments provision of an automobile policy covering accidental injury by being "struck by an automobile" where the automobile in question did not come into physical contact with insured's body, and the law was unclear as to whether defendant was liable to plaintiff under the policy; therefore, the trial court properly refused to award attorney's fees to plaintiff under the provisions of G.S. 6-21.1 when it determined that defendant insurer was liable to plaintiff.

APPEAL by plaintiff and defendant from *Britt, Judge.* Judgment entered 17 June 1976 in District Court, SCOTLAND County. Heard in the Court of Appeals 12 May 1977.

In this action to recover $759.50 under the medical payments provision of an automobile liability insurance policy issued by defendant to plaintiff, the following facts were stipulated:

---

**DeBerry v. Insurance Co.**

---

On 2 December 1974 plaintiff was a spectator at a Christmas parade. She was standing within two feet of a rope barrier that had been tied across a city street to control the crowd. While she was standing there a third party negligently drove his automobile (not one of those covered in the policy) against the rope, causing it to break and to strike and injure plaintiff. The automobile did not come into physical contact with plaintiff's body, nor was the rope in physical contact with plaintiff's body when it was struck by the automobile.

Plaintiff filed claim with defendant for her medical expenses in the sum of $759.50, but defendant refused to pay.

The following provisions of the policy are relevant:

"Coverages — Limits of Liability

Car   C-Medical Payments each person

| #1 | $500.00 |
| #2 | $500.00 |

Coverages — Premiums

Car      Medical Payments

| #1 | $5.00 |
| #2 | $4.00 |

*   *   *

Part II — Expenses for Medical Services

Coverage C — Medical Payments

To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional, nursing and funeral services: DIVISION 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident,

*   *   *

(c) through being struck by an automobile or by a trailer of any type;

*   *   *

DeBerry v. Insurance Co.

Limit of Liability

The limit of liability for medical payments stated in the declarations as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.

*   *   *

4. Two or More Automobiles

Parts I, II and III

When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but an automobile and a trailer attached thereto shall be held to be one automobile as respects limits of liability under Part I of this policy, and separate automobiles under Part III of this policy, including any deductible provisions applicable thereto."

The action was heard on the stipulated facts without jury. The judge concluded that plaintiff had been "struck by an automobile" within the terms of the policy, awarded plaintiff $759.50, but denied a request for attorney's fees pursuant to G.S. 6-21.1. Defendant appeals from the award to plaintiff of $759.50. Plaintiff appeals from the denial of attorney's fees.

*Mason, Williamson, Etheridge & Moser, P.A. by Daniel B. Dean for plaintiff appellant-appellee.*

*Leath, Bynum, Kitchin & Neal by Henry L. Kitchin for defendant appellant-appellee.*

CLARK, Judge.

The appeal presents three questions: (1) whether plaintiff was "struck by an automobile" as that term is used in the insurance policy; (2) if so, whether defendant's liability for medical expenses is limited to the amount on each insured car ($500.00) or to the total amount on all insured cars ($1,000.00); and (3) whether plaintiff is entitled to attorney's fees under G.S. 6-21.1.

(1) The term "struck by an automobile."

[1] The term "struck by an automobile" is not defined in the policy. In the absence of a definition, nontechnical words are to be given a meaning consistent with the sense in which they are

used in ordinary speech, unless the context clearly requires otherwise. *Peirson v. Insurance Co.,* 249 N.C. 580, 107 S.E. 2d 137 (1959). If there is no uncertainty or ambiguity in the language of a policy, there is no occasion for judicial construction. *Squires v. Insurance Co.,* 250 N.C. 580, 108 S.E. 2d 908 (1959). However, any ambiguity or uncertainty as to the meaning of terms in a policy should be resolved against the insurer since it selected the language used. *Williams v. Insurance Co.,* 269 N.C. 235, 152 S.E. 2d 102 (1967).

Plaintiff contends that the term does not require physical contact between the automobile and the body of the insured, and relies on *Trust Co. v. Insurance Co.,* 276 N.C. 348, 172 S.E. 2d 518 (1970), wherein the pertinent provisions in the policy were identical to those in the present case. In *Trust Co.* the insured was driving a vehicle covered by his policy and was killed when this vehicle collided with another vehicle. There was no physical contact between the body of the insured and the automobile which collided with his vehicle. The insurer paid $5,000.00 under a medical payments provision covering accidental injury incurred while the insured was occupying his own vehicle, but refused to pay $5,000.00 under a medical payments provision covering accidental injury incurred if the insured was "struck by an automobile." The threshhold question before the court was whether the occupant of a vehicle struck by an automobile had been "struck by an automobile" when there was no physical contact between the body of the insured and the autobile.

The court stated:

"The term 'struck by an automobile' is not defined in the policy. Consequently, it is to be given the meaning most favorable to the insured which is consistent with the use of the term in ordinary speech. In strict accuracy, the term is limited to a situation in which there is direct, physical contact between the body of the insured and an automobile. In normal speech the term has, however, a broader coverage and would include one who sustains bodily injury through the striking by an automobile of another vehicle or other object, in or upon which the injured person was. Thus, the term 'struck by an automobile,' as used in this policy, includes, nothing else appearing, one who is injured when the vehicle, occupied by him, is struck by

DeBerry v. Insurance Co.

another automobile and *is not limited* to collisions between automobiles and pedestrians, or *to other situations involving physical contact between the body of the claimant and the automobile in question.* (Citations omitted)" (Emphasis added.) 276 N.C. at 356, 172 S.E. 2d at 523.

Defendant relies on *Gant v. Insurance Co.*, 197 N.C. 122, 147 S.E. 740 (1929) and *Roach v. Insurance Co.*, 248 N.C. 699, 104 S.E. 2d 823 (1958). In *Gant* the insured was injured by a plank that was thrown from beneath the rear wheel of an automobile. At the time of the striking the insured was standing twelve to fifteen feet from the automobile. There was no physical contact between the automobile and the body of the insured. The policy under which plaintiff sought recovery insured against loss from injury sustained by "being struck, run down or run over by a moving automobile." In denying recovery, the court stated that the provision in the policy was "free from uncertainty or ambiguity," and that plaintiff had been struck by a plank, not an automobile.

In *Roach,* the other case relied upon by defendant, the insured was fatally injured as a result of being struck and burned by fuel from an exploding airplane. The policy insured against injury by being "struck, knocked down or run over by . . . airplane." In allowing recovery the court stated that the provision was to be construed most favorably to the insured and that the fuel was an essential part of the airplane.

Defendant contends that *Gant* was not overruled by implication by *Trust Co.,* and the law in North Carolina is this: (1) physical contact between the body of the insured and the automobile is *not* required when the insured occupies a vehicle which collides with an automobile, and (2) physical contact between the body of the insured or some object touching the body of the insured and the automobile or essential part thereof *is* required when the insured is a pedestrian struck by a thrown object. In effect, defendant contends that a distinction exists between the "collision" and "thrown object" cases, such that *Trust Co.* can be reconciled with *Gant.*

The overwhelming majority rule in the United States is that physical contact between the body of the insured and the automobile is not necessary in order to recover under a provision compensating for accidental injury incurred by being "struck by an automobile." Recovery has been allowed in numer-

ous cases in both the "collision" and "thrown object" situations without physical contact between the insured and the striking vehicle. Annot., 33 A.L.R. 3d 962 (1970). E.g., *Bates v. United Security Ins. Co.,* 163 N.W. 2d 390 (Io. 1968); *Wheeler v. Employer's Mutual Casualty Co.,* 211 Kan. 100, 505 P. 2d 768 (1973); *Black v. Hanover Ins. Co.,* 30 Misc. 2d 1081, 220 N.Y.S. 2d 168 (Mun. Ct. 1961); *McKay v. Travelers Indemnity Co.,* 27 O. App. 2d 76, 193 N.E. 2d 431 (1963); *DiMartino v. State Farm Mutual Automobile Ins. Co.,* 201 Pa. Super. 142, 192 A. 2d 157 (1963); *American Casualty Co. v. Cutshall,* 205 Tenn. 234, 326 S.W. 2d 443 (1959). Majority rule jurisdictions have nonetheless denied recovery in certain fact situations involving an automobile where it could not be said that the insured had been "struck by an automobile" according to the common and ordinary meaning of that phrase. See e.g., *Houston Fire & Casualty Ins. Co. v. Kahn,* 359 S.W. 2d 892 (Tex. 1962). A very small minority of jurisdictions have denied recovery on the ground that physical contact between the automobile and the body of the insured is required. See Annot., 33 A.L.R. 3d 962 § 3(c). But only South Carolina has done so since 1945.

Defendant has cited no jurisdiction which has allowed recovery in the "collision" situation but denied it in the "thrown object" situation. Our research reveals that the Supreme Court of South Carolina appears to have done so on the ground that the situations are "factually distinguishable." *Elrod v. Prudence Mutual Casualty Co.,* 246 S.C. 129, 142 S.E. 2d 857 (1965) (collision); *Quinn v. State Farm Mutual Automobile Ins. Co.,* 238 S.C. 301, 120 S.E. 2d 15 (1961) (piece of timber thrown). With all due respect to the Supreme Court of South Carolina, we fail to see any reason why the factual distinction between a collision and a thrown object should have any legal significance. One insured may be injured when the vehicle in which he is riding is struck by an automobile, and another insured may be injured when the parked vehicle next to which he is standing is struck by an automobile and is propelled against the insured's body. The common and ordinary meaning of the phrase "struck by an automobile" compels the conclusion that the insured has indeed been "struck by an automobile" in both these situations. To create a distinction with legal significance between a collision situation where an automobile collides with a car occupied by the insured and a collision situation where an automobile collides with some other object which strikes the insured is to

engage in metaphysical hairsplitting completely at odds with the common and ordinary meaning of "struck by an automobile."

In *Trust Co.* the court did not explicitly overrule *Gant*. It did however apply a rule of construction contrary to that applied in *Gant* in interpreting a provision virtually identical to that interpreted in *Gant*. *Gant* required physical contact with the body of the insured. *Trust Co.* stated that the term "struck by an automobile" is not limited to "situations involving physical contact between the body of the claimant and the automobile in question." 276 N.C. at 356, 172 S.E. 2d at 523. The fact that the plaintiff in *Gant* was a pedestrian while the plaintiff in *Trust Co.* was an occupant of a vehicle has no legal significance. We must conclude that by implication *Trust Co.* overruled *Gant,* and that the trial judge committed no error in concluding that plaintiff had been "struck by an automobile" within the meaning of the terms of her policy with defendant.

(2) Limits of liability under the policy.

[2] The second question on appeal is whether the limit of defendant's liability is the amount on each ($500.00) or both ($1,000.00) of plaintiff's cars. Defendant now contends that *Trust Co. v. Insurance Co., supra,* is the controlling case. In that case the Court adopted the minority rule that an insurance policy covering more than one vehicle is one contract and denied plaintiff's contention that the $5,000.00 limit on each of the two vehicles insured should be added to make the limit of the insurer's liability $10,000.00. There the plaintiff was claiming that there were two contracts and that medical expenses should be allowed under one clause in each contract, *viz,* in the policy on Car A, under the clause covering accidental injury sustained while driving Car A, and in the policy on Car B, under the clause covering accidental injury sustained by being "struck by an automobile."

Plaintiff contends that the present case is distinguishable since no vehicle insured under the policy in question was involved in the accident and recovery is being sought under only one clause, albeit for an amount equal to that provided for each vehicle multiplied by the number of insured vehicles. We fail to see how that fact has any legal significance given the clear holding in *Trust Co.* that there is but one contract. If there were two contracts, then a reason exists for adding the limits of liability; but no such reason exists if there is but one contract.

Moreover, in *Trust Co.*, the court cited with approval *Sullivan v. Royal Exchange Assurance*, 181 Cal. App. 2d 644, 5 Cal. Rptr. 878 (1960), in support of its construction of the policy. Unlike the plaintiff in *Trust Co.* and like the plaintiff in the present case, the plaintiff in *Sullivan* sought recovery solely under the clause for accidental injury by being "struck by an automobile," and contended the coverage per vehicle should be multiplied by the number of insured vehicles to reach the limit of liability under that clause. The rejection of this contention in *Sullivan* and the citation of that case in *Trust Co.* support our conclusion that the distinction urged by plaintiff in this case is not determinative.

Where there is no ambiguity in an insurance policy, the court must enforce the contract as it is written and may not rewrite the contract so as to impose upon the insurer a liability which it did not assume and for which the policyholder did not pay. *Huffman v. Insurance Co.*, 264 N.C. 335, 141 S.E. 2d 496 (1965). We conclude that the trial judge erred in concluding that the limit of defendant's liability exceeded $500.00.

### (3) Attorney's fees.

[3] The final issue upon appeal is whether the trial judge erred in denying attorney's fees under G.S. 6-21.1. G.S. 6-21.1 provides in pertinent part that " . . . upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim . . . the presiding judge may, in his discretion, allow a reasonable attorney fee . . . . " Under the statute to support an award for an attorney fee from an insurance company the presiding judge must first find "an unwarranted refusal" to pay the claim. Such finding was not made by the trial judge in this case. The statute should be construed liberally by the presiding judge to accomplish the obvious purpose to provide relief for a person who has a claim so small that, if he must pay an attorney out of his recovery, it may not be economically feasible to bring suit. *Hubbard v. Casualty Co.*, 24 N.C. App. 493, 211 S.E. 2d 544 (1975). However, the circumstances of this case do not warrant the conclusion that the failure of the trial judge to find that there was an unwarranted refusal to pay the claim was error.

The judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded with the direction that judgment be entered for plaintiff in the amount of $500.00.

Affirmed in part and reversed in part.

Judges MORRIS and PARKER concur.