JOSEPH H. WHITFIELD v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 867DC938

(Filed 21 July 1987)

1. **Insurance § 68.6 — automobile insurance — medical payments — exclusion for injury when struck by family-owned vehicle — exclusion inapplicable**

    The provision of an automobile insurance policy excluding medical payments coverage for bodily injury sustained when the person was struck by a vehicle owned by any family member did not apply to this case where a family member's stationary, disabled car was propelled into plaintiff after it was struck by a car not belonging to a family member.

2. **Attorneys at Law § 7.5 — unwarranted refusal to pay by insurer — award of attorney's fees proper**

    The trial court did not abuse its discretion in finding that there was an "unwarranted refusal" by defendant to pay an insurance claim pursuant to N.C.G.S. § 6-21.1 and by awarding attorney's fees to plaintiff under this statute.

DEFENDANT appeals from *Thomas, Judge*. Judgment entered 1 July 1986 in District Court, NASH County. Heard in the Court of Appeals on 15 January 1987.

*Moore, Diedrick, Whitaker and Carlisle by Sam Q. Carlisle, II, for plaintiff appellee.*

*Valentine, Adams, Lamar and Etheridge by L. Wardlaw Lamar; and Robert R. Gardner and Henry V. Ward, Jr., for defendant appellant.*

COZORT, Judge.

Plaintiff was injured when his disabled automobile was propelled into him after being struck by another automobile. Plaintiff incurred $5,893.20 in medical expenses. Plaintiff had medical payments coverage of $1,000.00 with an insurer other than defendant. Plaintiff is the son of the named insureds on an automobile insurance policy issued by defendant insurance company. This policy contains an omnibus clause which provides for medical coverage of a member of the household of the named insureds if struck by another automobile. The policy contained an exclusion providing that defendant company would not provide medical payments coverage for bodily injury sustained when the person is

struck by a vehicle owned by any family member. The defendant insurance company refused payment based on this exclusion. Plaintiff sued defendant to recover payments. The trial court entered summary judgment for plaintiff and awarded attorney's fees of $565.25, pursuant to N.C.G.S. § 6-21.1. On appeal, defendant contends that the trial judge erred by granting the plaintiff's motion for summary judgment and by awarding attorney's fees to the plaintiff. We affirm.

[1]   Defendant's first contention is that the trial court erroneously granted summary judgment in favor of plaintiff. The defendant contends it was justified in denying coverage, citing the exclusion provided in the policy. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c). After reviewing the undisputed facts and the policy provision in question, we find the trial court did not err by entering summary judgment for the plaintiff.

The exclusionary clause of the policy under which the defendant denies coverage reads as follows:

> We do not provide Medical Payments Coverage for any person for bodily injury: . . . . [s]ustained while occupying, or when struck by, any vehicle (other than your covered auto) which is: . . . owned by any family member . . . .

The injury occurred when the plaintiff was standing near his own disabled automobile. His disabled automobile was struck by another automobile and propelled into him. The defendant argues that the exclusionary provision requires as a matter of law a finding that the plaintiff is not entitled to coverage under the medical payments provision of his parents' policy. We do not agree. We believe the policy contemplates exclusion in terms of a family member being struck by his own car when his car is moving. We believe it does not exclude coverage when a family member's stationary, disabled car is propelled into him after being struck by a car not belonging to a family member. The purpose of the policy coverage is to protect those covered individuals from moving vehicles of non-family members. Here the moving vehicle which posed the danger was the non-family member's car. The physical

impact was provided by the other automobile; the plaintiff's automobile was merely the conduit of the impact.

In *DeBerry v. American Motorists Insurance Co.*, 33 N.C. App. 639, 645, 236 S.E. 2d 380 (1977), this Court considered a similar issue. In *DeBerry*, the insurance company denied coverage where the policy provided coverage for bodily injury when the insured was "struck by an automobile," and the facts were that the plaintiff was not struck directly by an automobile; instead, the automobile hit a rope barrier which broke and struck the plaintiff. After reviewing cases from various jurisdictions, this Court found the plaintiff had been struck by an automobile, reasoning as follows:

> One insured may be injured when the vehicle in which he is riding is struck by an automobile, and another insured may be injured when the parked vehicle next to which he is standing is struck by an automobile and is propelled against the insured's body. The common and ordinary meaning of the phrase "struck by an automobile" compels the conclusion that the insured has indeed been "struck by an automobile" in both these situations. To create a distinction with legal significance between a collision situation where an automobile collides with a car occupied by the insured and a collision situation where an automobile collides with some other object which strikes the insured is to engage in metaphysical hairsplitting completely at odds with the common and ordinary meaning of "struck by an automobile."

*Id.* at 644-45, 236 S.E. 2d at 384.

We find that reasoning persuasive and hold that the trial court correctly entered summary judgment for the plaintiff.

[2] The defendant's second contention on appeal is that the trial judge erred in finding that there was an "unwarranted refusal" by the defendant under N.C.G.S. § 6-21.1 and by awarding attorney's fees to the plaintiff under this statute. N.C.G.S. § 6-21.1 provides in pertinent part that:

> In any . . . suit against an insurance company under a policy issued by the defendant insurance company and in which the insured . . . is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance

company to pay the claim . . . the presiding judge may, in his discretion, allow a reasonable attorney fee.

The allowance of counsel fees under the authority of this section is, by express language of this section, in the discretion of the presiding judge. Without a showing of any abuse of the trial judge's discretion, the trial judge's determination to award counsel fees will not be overturned. *Hillman v. United States Liability Insurance Co.*, 59 N.C. App. 145, 296 S.E. 2d 302 (1982), *cert. denied*, 307 N.C. 468, 299 S.E. 2d 221 (1983). We have reviewed the trial court's four-page order in which he finds and concludes that the refusal to pay the claim was unwarranted. We find no abuse of discretion.

The judgment of the trial court is

Affirmed.

Judges MARTIN and PARKER concur.