621 A.2d 97

SANDRA RANKIN, ET AL., PLAINTIFFS, v. MANUEL R. OVALLES, ET AL., DEFENDANTS.

THE UNSATISFIED CLAIM AND JUDGMENT FUND AND MANUEL OVALLES, PLAINTIFFS, v. PRUDENTIAL INSURANCE CO., ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division Hudson County

Decided January 12, 1993.

---

[2] It is anticipated that the corpus shall be reduced by any award of counsel fees and costs granted hereafter pursuant to appropriate motion.

*Robert Fuchs* for plaintiffs (*Fuchs, Altschul & Greenberg,* attorneys).

*Frank P. Addas* for defendants Manuel Ovalles and Unsatisfied Claim & Judgment Fund (*Addas & Potenza,* attorneys).

*Joseph J. Michalowski,* and *Edward P. Paplia, Jr.,* for defendant N.J.A.F.I.U.A.

*Jack Kennedy* for Dessie and Robert L. McGee (*Kennedy & Kennedy,* attorneys).

MARGULIES, J.S.C.

The Ovalles' vehicle was proceeding north. In an attempt to make a left-hand turn across the southbound lane, it came in contact with the McGee vehicle which was proceeding south.

The Ovalles' vehicle struck the right rear of the McGee vehicle, spun the McGee vehicle around and then continued across the southbound traffic, mounted a sidewalk and struck the minor plaintiffs-pedestrians who appear in this action by their guardian. Plaintiffs are not owners of an automobile nor is there an owner of an automobile who resides in their household. The Ovalles' vehicle is alleged to be uninsured. Prudential Insurance Co. is servicing agent for New Jersey Automobile Full Insurance Underwriting Association, (N.J.A.F.I.U.A.) which covered Ovalles. Prudential alleges it cancelled the policy prior to the accident. Plaintiffs seek remedy against McGee for Personal Injury Protection (P.I.P.) benefits under *N.J.S.A.* 39:6A–4. Allstate Insurance Company is servicing agent for N.J.A.F.I.U.A., insurers of McGee. Alternatively, plaintiffs seek relief against Ovalles from the Unsatisfied Claim and Judgment Fund (Fund) under *N.J.S.A.* 39:6–86.1. Both defendants declined payment. *N.J.S.A.* 39:6A–4, among other things, refers to a class of persons:

> ... who sustained bodily injury as a result of an accident ... as a pedestrian, caused by an automobile or by an object propelled by or from an automobile, to other persons sustaining bodily injury while occupying, entering into, alighting from or using the automobile of the named insured, with permission of the named insured, *and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile.* (emphasis added)

On July 10, 1992, partial summary judgment was entered in favor of plaintiffs against the Fund for P.I.P. benefits. The court then decided that a motor vehicle struck by another vehicle and "propelled to the sidewalk is not an 'object' " under *N.J.S.A.* 39:6A–4. On August 5th, a written letter opinion recited the facts (as set forth above) and added:

> In short, under the italicized language, plaintiff asserts that the Ovalles' vehicle was "an object" propelled by the named insured's automobile (McGee).
>
> The problem of whether an automobile is an object under these circumstances is novel. The article, "Who pays pedestrians hit by stolen cars", 129 *N.J.L.J.* 1235 (December 30, 1991) reviews in a different context the very liberal application of the law and the broad interpretation given to the statute.
>
> Notwithstanding the liberal constitutional and broad interpretation of the statute, P.I.P. benefits are not recoverable based upon the facts at bar. The

statute refers to and defines an automobile. It is never used as analogous to an object propelled by or from an automobile. The plain language and common sense of the statute does not suggest that in an impact between an insured and uninsured vehicle, the uninsured vehicle should be treated as an object propelled by the insured vehicle in any of the variety of situations in which the propelled vehicle may cause damage or injuries to others. The Court finds nothing in the history of the statute to give it the breadth of interpretation which the plaintiff seeks. The 1984 legislation which inserted "or by an object propelled by or from an automobile" does not suggest such breadth of coverage as plaintiff seeks to produce.

On August 14th, the defendant Fund sought further consideration of three issues: Whether the plaintiff's-pedestrian's injuries were caused by the insured McGee vehicle; whether plaintiff must exhaust all remedies before resorting to the Fund; and, whether the Ovalles were insured in view of the holding in *Celino v. General Accident Ins.*, 211 *N.J.Super.* 538, 512 *A.*2d 496 (App.Div.1986).

On the same day, the court further supplemented its opinion by adding:

The Fund gains no benefit from the consideration of the concept of causation. Notwithstanding the broad concept of "cause" as defined in *Webster's Third International Dictionary*, 356 (15th ed. 1971) cited in *Darel v. Pennsylvania Mfgrs. Ass'n. Ins. Co.*, 114 *N.J.* 416, 555 *A.*2d 570 (1989), the fact complex at bar differs from that in *Darel.* The McGee vehicle was merely a circumstance. It was not a substantial factor in causing the injury. The "but for" doctrine is an elusive guide to problems of causation. It is as often used to determine inclusion as to determine exclusion. Both *Prosser* and *Harper & James* recognize the frequent broad use of this concept. There is no single set of parameters that mechanically limit the concept of cause. *Hart* and *Honore* took 500 pages to explain the sense of that doctrine in the Second Edition of *"Causation In The Law"*.

On its face, *N.J.S.A.* 39:6A–4 did provide coverage to pedestrians sustaining injury caused by the named insured's automobile. "Caused by" does not mean "struck by." It does not mean wrongfully, negligently or tortiously "caused by", but it must mean something other than the coincidence of time and place. Hypothetically, if the McGee vehicle had not been at the site when Ovalles was making his turn, if the Ovalles operator had lost control and mounted the sidewalk, the pedestrian would still have been struck. Similarly, if the Ovalles vehicle cutting across the path of the McGee vehicle had not even contacted the McGee vehicle but had swerved and struck the pedestrian, the injury would have been sustained although there was no collision. If the Ovalles had accelerated in making the turn because he saw the McGee vehicle approaching from one-half block away and the acceleration caused a loss of control resulting in a pedestrian being injured, the McGee vehicle could still be alleged to be a

cause of the injury under the Fund's approach. There was no essential difference from an analysis of "causation" between a situation in which the Ovalles' car hit a tree and veered off and struck a victim and the facts at bar. In the hypothetical case, it cannot be said that the tree "caused" the victim's injury. *Webster's* "cause" and "legal cause" are not the same in every factual complex. The facts at bar are not in dispute. The issue is one of law. The McGee vehicle did not cause the injury. It was caused by the Ovalles vehicle. Notwithstanding the breadth of PIP, in the complex of reading *N.J.S.A.* 39:6A–4 with *N.J.S.A.* 39:6–86.1, it is the latter which legislatively protects the victim in the case at bar. The Fund language is broader since it is not qualified by the "named insured's vehicle." Although the words "caused by" appear in both statutes, the Fund umbrella concept is designed to be broader than *N.J.S.A.* 36:6A.

The Fund can gain no succor from *Celino* [citation omitted] which requires specific formality for cancellation of coverage. Prudential Commercial Insurance Company submitted their file which showed that for non-receipt of premium payment, there was a notice of cancellation and a cancellation. The collision was on October 28, 1989 and the motion came before the court in June 1992, the complaint having been filed originally in 1990.

In September, the Fund moved for further reconsideration. N.J.A.F.I.U.A. covering McGee objected to having the motion heard, affirming that the Ovalles' vehicle did not carry P.I.P. protection.

Before the adjourned hearing date on this motion, the court was advised of two facts. First, the parties had not as yet been able to definitively affirm whether the insurance carrier (Prudential), which, as servicing agent for N.J.A.F.I.U.A. had issued a policy covering the Ovalles' car, had been effectively cancelled. Hence, the Fund urged that there had not been exhaustion of alternative remedies against Prudential before resorting to the Fund. Second, a declaratory judgment action was filed by the Fund and Ovalles against Prudential, the McGees and N.J.A.F.I.U.A. alleging that Prudential had not effectively cancelled its policy in compliance with *N.J.S.A.* 17:29C–10 and an amended complaint was filed by Rankin (individually and as guardian of the Prather children) seeking remedies alternatively against all of the party defendants, Ovalles, McGees, U.C.J.F. and N.J.A.F.I.U.A. These actions were consolidated by the presiding judge prior to the presentation of oral argument on the motions for reconsideration.

The motion for reconsideration is resolved as follows:

Prior judgments are modified to the extent that judgment is now entered in favor of the Rankin plaintiffs (parents of the injured minors) jointly against N.J.A.F.I.U.A. serviced by Prudential Insurance Company, their insured, the Ovalles and against the Fund for P.I.P. benefits. There is no just reason for delay in entering a final judgment under *R.* 4:42–2 so that the innocent victims can obtain the necessary benefits to pay for needed medical and surgical care although the controversy persists between Prudential and the Fund as to whether the Prudential policy was properly cancelled prior to the accident. *See Bond v. Rose Ribbon & Cargon Mfg. Co.,* 42 *N.J.* 308, 200 *A.*2d 322 (1964). Id. at 312, 200 *A.*2d 322; *see also McGuinness v. Wakefern Corp.,* 257 *N.J.Super.* 339, 608 *A.*2d 447 (Law Div.1991). The ultimate resolution of that issue will adjust their rights *inter se.*

The injury occurred in October 1989. Neither Prudential nor plaintiffs nor the Fund has definitively developed the cancellation issue by discovery or otherwise.

This court previously took cognizance of *Celino* only as the record then stood; the parties were invited to conduct further discovery. To date, it has not been forthcoming. With the consolidation of the declaratory judgment action and, thus, the joinder of Prudential as a party, it is reasonably expected that the issue can now be resolved between Prudential and the Fund. *Hodges v. Pennsylvania National Ins. Co.,* 260 *N.J.Super.* 217, 615 *A.*2d 1259 (App.Div.1992) (slip op.) may add impetus to its resolution.

Since Prudential was not a party to the action when the N.J.A.F.I.U.A., serviced by Allstate covering McGee, was exculpated, this court's interlocutory ruling is not binding on Prudential.