ELIJAH TOM TURNAGE, GUARDIAN AD LITEM FOR THOMAS PAUL TURNAGE, AND ELIJAH TOM TURNAGE, INDIVIDUALLY, PLAINTIFF v. NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANT

No. 913SC995

(Filed 2 March 1993)

**Costs § 35 (NCI4th)— defense by UM carrier—liability for attorney's fees and costs**

An uninsured motorist carrier which defended the uninsured motorist in a tort action pursuant to N.C.G.S. § 20-279.21(b)(3)a may be required to pay attorney's fees under N.C.G.S. § 6-21.1 and other costs in the action even though not named a defendant since the UM carrier was a party to the action pursuant to N.C.G.S. § 20-279.21(b)(3)a though not named in the caption of the pleadings.

**Am Jur 2d, Automobile Insurance § 311.**

Appeal by defendant from order granting plaintiff's motion for summary judgment entered 22 July 1991 by Judge G. K. Butterfield in Craven County Superior Court. Heard in the Court of Appeals 17 November 1992.

*Hiram J. Mayo, Jr. for plaintiff-appellee.*

*LeBoeuf, Lamb, Leiby & MacRae, by Peter M. Foley and Stephanie Hutchins Autry, for defendant-appellant.*

LEWIS, Judge.

The question presented by this appeal is whether or not under these facts an uninsured motorist carrier is liable for attorney's fees and costs in tort actions though not a named defendant in those tort actions. We answer in the affirmative.

The plaintiff, individually and as guardian ad litem for his son, brought tort actions against Phines James McDowell for bodily injuries and for medical bills. Thomas Paul Turnage, who was a minor at the time, was involved in an automobile accident with McDowell, an uninsured motorist. Thomas Paul Turnage and his father Elijah Tom Turnage were insured under a policy by Nationwide Mutual Insurance Company (hereinafter "Nationwide"). This policy provided uninsured motorist coverage ("UM") with limits of $50,000.00 per person, $100,000.00 per accident.

Nationwide defended McDowell in the tort actions pursuant to N.C.G.S. § 20-279.21 (Cum. Supp. 1992). The jury found for plaintiff and awarded damages for both the personal injuries and the resulting medical bills. Plaintiff also sought to recover his attorney's fees under N.C.G.S. § 6-21.1 (1986). On 19 September 1990 Judge Herbert O. Phillips, III entered an order allowing the plaintiff to recover his attorney's fees and costs.

Nationwide paid the damages ordered by the court in the tort actions, but refused to pay the attorney's fees and costs. Therefore, on 8 November 1990 plaintiff brought a declaratory action against Nationwide, seeking a ruling that the defendant was liable for the fees and costs assessed against it in the tort actions. Both parties in the action filed motions for summary judgment with the court. The trial court denied defendant's motion and granted the plaintiff's motion. The defendant appeals.

Defendant argues that the policy it issued to the Turnages — policy number 61 J 307239 — controls the disposition of this case. Defendant's argument focuses on a rather narrow and literal reading of the language of the policy. In the "Liability Coverage" section of the policy, Nationwide specifically agreed to pay for costs incurred in the defense of suits seeking damages for bodily injury or property damage. However, no such language exists in the "Uninsured Motorist Coverage" section. Nationwide contends the contract obligates it only for "damages which a covered person is legally entitled to recover."

Further, defendant argues, the UM section of the policy does not include a "Supplementary Payments" provision as does the liability section. "Supplementary payments" include other costs additional to its limit of liability such as bail bonds and premiums on appeal bonds, interest, loss of earnings up to $50.00 a day, emergency first aid expenses to others at the accident, and other reasonable expenses. Defendant argues that because the UM section includes neither this provision nor the language obligating it to pay costs, the parties clearly did not intend that Nationwide be liable for anything other than damages in a UM action.

Nationwide argues that it is the language of the policy and the underlying intention of the parties that are controlling, not N.C.G.S. § 6-21.1. This statute allows attorney's fees to be awarded in "suit[s] against an insurance company under a policy issued by the *defendant insurance company* and in which the insured or beneficiary is the plaintiff." N.C.G.S. § 6-21.1 (1986) (emphasis added). Nationwide contends that it was not a defendant in the tort actions, and therefore attorney's fees pursuant to N.C.G.S. § 6-21.1 cannot be assessed against it.

In this case Nationwide utilized N.C.G.S. § 20-279.21(b)(3)a to provide a defense to the uninsured defendant. Under that statute, an insurer, if given proper notice, "shall be a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and may defend the suit in the name of the uninsured motorist or in its own name." N.C.G.S. § 20-279.21(b)(3)a (Cum. Supp. 1992). It is clear to us that Nationwide was indeed a party, and can properly be characterized as a defendant de facto and de jure, though *unnamed*. The trial court did not err when it held that N.C.G.S. § 6-21.1 applies and controls this case. Defendant contends that it was error for the trial court to hold it responsible for fees, costs, and interest because the order held "the Defendant" liable therefor. We reiterate that pursuant to N.C.G.S. § 20-279.21(b)(3)a Nationwide was a party in the tort actions, although unnamed. Nationwide was not required to defend the lawsuit, but chose to do so, and by so doing became a defendant.

The award of attorney's fees under N.C.G.S. § 6-21.1 is discretionary with the trial judge, and such an award will not be overturned absent a showing of abuse. *Whitfield v. Nationwide Mut. Ins. Co.*, 86 N.C. App. 466, 358 S.E.2d 92 (1987). Even though the trial judge erroneously concluded in his order that Nationwide

EURY v. NATIONWIDE MUTUAL INS. CO.

[109 N.C. App. 303 (1993)]

was *not* a defendant in the tort actions, this cannot be construed as an abuse of discretion. We therefore, for the foregoing reasons, uphold the trial court's award of attorney's fees and costs against Nationwide.

Affirmed.

Judges WELLS and EAGLES concur.