661 A.2d 341

MICHELE LUMPKINS, PLAINTIFF, v. MARKET TRANSITION FA-
CILITY OF NEW JERSEY, AND SERVICING AGENT, AND
MATERIAL DAMAGE ADJUSTMENT, AND GENERAL ACCI-
DENT INSURANCE, DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

Decided March 14, 1995.

*Jeffrey S. Charney,* for plaintiff (*Daniel Roberts,* argued the cause for plaintiff) (*Schnirman & Charney,* attorneys).

*David Klinger,* for defendant, Market Transition Facility of New Jersey (*Gutterman, Wolkstein, Klinger & Yohalem,* attorneys).

*David L. Wikstrom,* for defendant General Accident Insurance Company (*Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski,* attorneys).

MENZA, J.S.C.

. This is an order to show cause seeking PIP payments.

It presents the question of which vehicle is responsible for PIP benefits when there is a multiple vehicle accident.

■  Plaintiff, a pedestrian, was injured when he was struck by an automobile insured by Market Transition Facility (MTF) of New Jersey which in turn had been rear-ended by an automobile insured by General Accident Insurance Company (GAI or General Accident). Plaintiff now seeks PIP payments from both Market Transition Facility and General Accident Insurance Company. General Accident opposes, contending that it is not responsible for PIP payments because its insured's automobile did not actually strike the pedestrian. It states that the PIP statute provides that only the automobile which actually strikes the pedestrian is responsible for PIP payments. General Accident concedes that it was responsible, at least in part, for the happening of the accident. This is a case of first impression in this state.

The statute, *N.J.S.A.* 39:6A–4, provides that PIP coverage is afforded to pedestrians injured by a qualifying automobile.

> Every automobile liability insurance policy ... shall provide personal injury protection coverage ... to pedestrians sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile.

The statute is stated in the disjunctive—an insured automobile is responsible for PIP payments to a pedestrian if the automobile

either causes plaintiff's personal injuries or if it propels an object that strikes plaintiff causing injury. See *Pine Belt Chevrolet, Inc. v. Jersey Cent. Power and Light Co.*, 132 *N.J.* 564, 578, 626 *A.*2d 434 (1993) (where the court stated that "the word "or" carries with it natural disjunctive import" which should not be disregarded absent contrary legislative intent).

This court will first address the meaning of the phrase "struck by an object propelled by or from the named insured's vehicle."

Only one New Jersey case, in dicta, has addressed this question. In *Rankin v. Ovalles*, 262 *N.J.Super.* 463, 621 *A.*2d 97 (Law Div.1993) a court, deciding a question of whether a pedestrian was entitled to PIP payments where there was a question of coverage, concluded that an automobile is not an object propelled by or from such automobile" under the meaning of the PIP statute.

> The plain language and common sense of the statute does not suggest that in an impact between an insured and uninsured vehicle, the uninsured vehicle should be treated as an object propelled by the insured vehicle.
>
> [*Id.* at 466, 621 *A.*2d 97.]

No other case has addressed the precise issue of whether an automobile may be a propelled object.

However, cases in other jurisdictions with similar, although not exact statutes, have suggested that an automobile should be treated as an object which may be propelled by another vehicle. In the case of *Southern Guar. Ins. Co. v. Berry*, 560 *F.Supp.* 901 (N.D.Ga.1983), the court was asked to interpret a Georgia PIP statute which provided for payment of basic no-fault benefits where a pedestrian sustains "bodily injury . . . as a result of being struck by the owner's motor vehicle." In that case the insurer of a parked vehicle brought a declaratory judgment action to determine whether it owed PIP benefits to pedestrians who were injured when the parked vehicle was propelled into the pedestrians by a second insured automobile. The insurer for the moving vehicle moved for summary judgment contending that it was not liable since its vehicle did not physically strike the pedestrians. The federal district court of Georgia held that both the insurer of the moving vehicle and the parked vehicle must pay PIP benefits

since both vehicles caused the accident. In liberally interpreting the phrase "struck by an automobile," the court noted that "the majority rule appears to be that one can be 'struck by' an automobile without actually coming in contact with the automobile itself." *Id.* at 903. The court also noted that:

In ordinary parlance, the word struck is frequently used to denote a movement or a force causing or resulting in a physical impact. The striking force can be either the force which most immediately comes in contact with the object struck, or it can be the force setting in motion a chain of events leading up to the striking of an object.

[*Ibid.*]

And in *Collins v. International Indem. Co.*, 256 *Ga.* 493, 349 *S.E.*2d 697 (1986), the Georgia Supreme Court interpreting the phrase "struck by the owners motor vehicle" stated "where one vehicle is propelled by another vehicle into a third vehicle or pedestrian, both the propelling vehicle and the propelled vehicle have 'struck' the third vehicle or pedestrian."

Similarly, in *Royal Indem. Co. v. Government Employees Ins. Co.*, 307 *So.*2d 458 (Fla.App.1975), the insurer of a parked vehicle brought a claim against the insurer of a moving vehicle to recover PIP payments it had made to an injured pedestrian. The Florida PIP statute (Fla.Stat. Sec. 627.736(4)), provides that an insurer shall provide PIP benefits "if the injury is caused by physical contact with such motor vehicle." *Id.* at 460. Despite the fact that the propelling vehicle never came into physical contact with the pedestrian, the court broadly interpreted its PIP statute and allowed recovery. The court reasoned that the moving vehicle was the proximate cause of the accident and analogized it to:

numerous . . cases where a moving auto has struck an inanimate object causing it to be propelled into a person, injuring him or her, [and] it has been held by the weight of authority, that physical contact has been made with the insured....

[*Ibid.* (emphasis added).]

And in *Johnson v. National Union Fire Ins. Co.*, 177 *Ga.App.* 204, 338 *S.E.*2d 687 (1985), the Georgia Court of Appeals held that one can be "struck by" an automobile without actually coming into physical contact with the automobile itself.

In all of these cases the courts have liberally construed their PIP statutes and have allowed recovery against both vehicles, although there was no actual contact between the pedestrian and one of the vehicles.

The New Jersey courts also have given a broad interpretation to the PIP statute. In *Newcomb Hospital v. Fountain,* 141 *N.J.Super.* 291, 357 *A.*2d 836 (Law Div.1976), the court, after first stating that the "statute must be interpreted in a context which serves the spirit of the law," held that a plaintiff who was injured from water which exploded from the radiator of a nearby automobile was entitled to PIP benefits. The court reasoned that the plaintiff was hurt by objects "propelled" from the automobile. Similarly, in *Hopkins v. Liberty Mut. Ins. Co.,* 156 *N.J.Super.* 72, 76, 383 *A.*2d 458 (App.Div.1978), a plaintiff pedestrian recovered PIP benefits from injuries sustained when a tire being filled with air exploded. And in *Lindstrom v. Hanover Ins. Co.,* 138 *N.J.* 242, 649 *A.*2d 1272 (1994), the Supreme court held that a bullet fired from an automobile in a drive-by shooting was an object "propelled" from the automobile and that PIP payments were thereby payable.

Considering the broad and liberal interpretation given to PIP statutes, this court concludes that an automobile qualifies as an object under *N.J.S.A.* 39:6A–4 which may be "propelled by or from [another] automobile." In this case, it is undisputed that the automobile insured by GAI struck and thereby propelled the automobile insured by the MTF into plaintiff. Since the vehicle insured by GAI propelled an "object" into the plaintiff which in this case happened to be another automobile, it, along with the MTF vehicle, also would be obligated to make PIP payments.

■ This court, however, need not rest its holding solely on the interpretation of the phrase "object propelled by or from such automobile." The initial part of section 4 of the PIP statute also allows recovery to "pedestrians sustaining bodily injury caused by the named insured's automobile."

The above phrase "caused by the named insured's automobile" has been interpreted only once by our courts. In *Darel v. Pennsylvania Mfrs. Ass'n Ins. Co.*, 114 *N.J.* 416, 555 *A.*2d 570 (1989), the Supreme Court awarded PIP benefits to a pedestrian who sustained injuries when he fell off a bicycle in attempting to avoid a collision with an oncoming vehicle. There was no contact between the plaintiff and the vehicle. In holding that the plaintiff's injuries were "caused by the named insured's vehicle," the Supreme Court stated that the lack of contact between the plaintiff and the insured vehicle was irrelevant. The court stated its "conclusion that 'caused' does not require that the pedestrian be 'struck by' the automobile." *Id.* at 424, 555 *A.*2d 570.

It stated:

> The phrase 'caused by' is a straightforward one in this context and can be given a straightforward meaning. When a popular or common word is used in a statute, but is not defined, the word should be given its common meaning.
> [*Id.* at 425, 555 *A.*2d 570.]

The court also concluded that causation under the PIP statute is "satisfied under a 'but for' standard" to further the beneficent purposes of the No–Fault Act providing payment of benefits without regard to negligence, liability or fault of any kind, and admonished that the statute should "be liberally construed so as to effect the purpose[s]" of the No Fault Act. *Id.* at 424–25, 555 *A.*2d 570.

In *Purdy v. Nationwide Mut. Ins. Co.*, 184 *N.J.Super.* 123, 445 *A.*2d 424 (App.Div.1982), the court allowed another plaintiff involved in a "no-contact" accident to recover PIP benefits under his family's insurance policy. In doing so the court noted that it was not "essential ... that the involvement of the automobile with the injured person include contact with the victim in the physical sense, as long as there is a causal nexus to some degree." *Id.* at 127, 445 *A.*2d 424.

It is clear that the phrase "caused by" has also been given a broad and liberal interpretation imposing responsibility not only on the vehicle which strikes the pedestrian but also on those vehicles which have contributed to, *i.e.*, caused the accident.

Therefore, this court finds that the GAI vehicle is also liable for PIP benefits to the pedestrian under the "caused by" phrase in *N.J.S.A.* 39:6A–4.

For the above stated reasons, defendant insurers MTF and GAI may both be liable for PIP benefits to plaintiff. Accordingly, therefore this court orders that each carrier make equal PIP payments to plaintiff, which shall be adjusted when a determination has been made on the degree of responsibility of each defendant.